Bob R. STARNES, Trustee,
Plaintiff-Appellee,

v.

MARCON INVESTMENT GROUP, a
Florida Corporation, Defendant,

Tropical Isle, Inc., a Florida Corporation,
Defendant-Appellant.

No. 76–3054.

United States Court of Appeals,
Fifth Circuit.

April 28, 1978.

Rehearing Denied May 22, 1978.

R. Bruce Wallace, Jr., Miami, Fla., for defendant-appellant.

Stuart A. Markus, Miami, Fla., for plaintiff-appellee.

John A. Baldwin, Fern Park, Fla., for defendant.

Before JONES, RONEY and TJOFLAT, Circuit Judges.

RONEY, Circuit Judge:

In this diversity case plaintiff Starnes, purchaser of a tract of coastal property located in the Florida Keys, alleged that defendant seller, Tropical Isle, Inc., did not own 10.84 acres of the 14 acres sold and therefore breached the covenant of seisin contained in its warranty deed. Tropical Isle counterclaimed to foreclose its mortgage on the subject property. The trial judge, sitting without a jury, entered judgment of $89,042.79 in favor of plaintiff purchaser, declared null and void the purchase money mortgage and note, but provided that the principal balance of $64,000.00 due under the mortgage and note would be set off against plaintiff's judgment. An intervening decision of the Florida Supreme Court shows that the Florida Marketable Record Title Act[1] cured any defects in

---

1. The provisions of the Florida Marketable Record Title Act pertinent to this case are as follows:

  712.02  Marketable record title
  Any person having the legal capacity to own land in this state, who, alone or together with his predecessors in title, has been vested with any estate in land of record for thirty years or more, shall have a marketable record title to such estate in said land, which shall be free and clear of all claims except the matters set forth as exceptions to marketabil-

Tropical Isle's title to the 14-acre tract, and we accordingly reverse the district court's judgment.

On May 9, 1973, Tropical Isle contracted to sell the 14-acre tract to Marcon Investment Group for $85,000.00. Prior to closing, Marcon contracted to sell the tract to plaintiff Starnes for $115,000.00. Pursuant to an agreement between these three parties, Marcon received a cash payment reflecting its profit on the deal, and Tropical Isle executed a warranty deed for "14 acres, more or less," directly to Starnes.

The disputed 14-acre tract is located on Big Pine Key in Monroe County, Florida. After taking possession of the property, Starnes began filling and otherwise preparing it for development. When the United States Army Corps of Engineers halted these activities, Starnes had the property surveyed. The survey revealed that only 3.16 acres in the tract were above the mean high water line.

Starnes thereupon instituted this action for breach of covenant of seisin on the theory that the portion of the tract lying below the mean high water line was sovereignty land owned by the State of Florida, and was not owned by Tropical Isle at the time it purportedly conveyed the property to Starnes.

Tropical Isle's chain of title commenced with letters patent issued by the United States Government in 1883. Starnes argues that because the State of Florida acquired

title to all land below the mean high water mark when it was admitted to the Union in 1845, the 1883 United States Government patent was void and neither Tropical Isle nor its predecessors in title were seised of fee No. 76–3054—simple title to 10.84 acres of the 14 acres purportedly conveyed to Starnes.

The district court agreed with Starnes' analysis, thus rejecting Tropical Isle's contention that its title to the 10.84 acres lying below the mean high water mark was cured by the Florida Marketable Record Title Act.

Since Starnes had paid $115,000.00 for 14 acres but had received only 3.16 acres, the district court determined that he had overpaid by $89,042.79 and entered judgment accordingly. He then offset against that the $64,000 still unpaid on the purchase money mortgage.

In light of the intervening Florida Supreme Court case of *Odom v. Deltona Corp.,* 341 So.2d 977 (Fla.1976), the district court's judgment must be reversed.

The issue joined in *Odom* was whether land lying beneath certain inland lakes was the private property of plaintiff Deltona Corp. or was vested in the State of Florida as sovereignty land. Like defendant Tropical Isle in the instant case, plaintiff Deltona traced its title in a portion of the disputed lands back to United States Government patents issued after Florida's admission to statehood. Since Deltona, together with its predecessors in title, had been vested with

ity in § 712.03. A person shall have a marketable record title when the public records disclosed a title transaction affecting the title to the land which has been of record for not less than thirty years purporting to create such estate either in:
(1) The person claiming such estate; or
(2) Some other person from whom, by one or more title transactions, such estate has passed to the person claiming such estate, with nothing appearing of record, in either case, purporting to divest such claimant of the estate claimed.
3712.04 Interests extinguished by marketable record title
Subject to the matters stated in § 712.03, such marketable record title shall be free and clear of all estates, interests, claims or charges whatsoever, the existence of which

depends upon any act, title transaction, event or omission that occurred prior to the effective date of the root of title. All such estates, interests, claims or charges, however denominated, whether such estates, interests, claims or charges are or appear to be held or asserted by a person sui juris or under a disability, whether such person is within or without the state, whether such person is natural or corporate, or is private or governmental, are hereby declared to be null and void, except that this chapter shall not be deemed to affect any right, title or interest of the United States, Florida or any of its officers, boards, commissions or other agencies reserved in the patent or deed by which the United States, Florida or any of its agencies parted with title.

fee simple paper title of record for more than 30 years and the State had made no effort of record to reclaim the property, the trial court held that the State's claims of sovereignty were extinguished by operation of the Florida Marketable Record Title Act. In affirming, the Supreme Court of Florida stated:

> [A]ncient conveyances of sovereign lands in existence for more than thirty years, when the State has made no effort of record to reclaim same, clearly vests marketable title in the grantees, their successors or assigns and the land may be recovered only by direct purchase or through eminent domain proceedings.

*Id.* at 989–90. *See Sawyer v. Modrall,* 286 So.2d 610 (Fla.Dist.Ct.App.1973) (Marketable Record Title Act extinguishes claim of sovereignty in submerged lands contiguous to intracoastal waterway), *cert. denied,* 297 So.2d 562 (1974).

The instant case is indistinguishable from *Odom.* Accordingly, the judgment of the district court is reversed.

REVERSED.