414 So.2d 10 (1982)
BOARD OF TRUSTEES OF the INTERNAL IMPROVEMENT TRUST FUND OF the STATE OF FLORIDA, Appellant,
v.
PARADISE FRUIT COMPANY, INC., a Florida Corporation, Appellee.
No. 81-1175.
District Court of Appeal of Florida, Fifth District.
April 28, 1982.
Rehearing Denied May 24, 1982.
John W. Williams, Tallahassee, for appellant.
Charles M. Harris of Crofton, Holland, Starling, Harris & Severs, P.A., Titusville, for appellee.
COWART, Judge.
This case involves the application of the Marketable Record Title Act (MRTA), § 712.01 et seq., Fla. Stat. (1979), to lands under unmeandered but navigable waters originally constituting sovereignty lands.
The original official federal government surveys did not meander the body of water now known as Lake Poinsett, which is a large fresh water lake through which flows the St. Johns River in Brevard County, Florida. In 1906 appellant, Board of Trustees of the Internal Improvement Trust Fund of the State of Florida, issued a deed to thousands of acres of land, including the lands in question under Lake Poinsett, to the Florida Coastline Canal and Transportation Company. This deed did not reserve any right, title or interest of Florida or any of its officers, boards, commissions or other agencies.[1] A connected chain of title runs from Florida Coastline to appellee, Paradise Fruit Company, Inc. From 1906 to date, taxes on this property have been levied and *11 paid by appellee and its grantors. In 1963, the legislature adopted the Marketable Record Title Act, section 712.02, Florida Statutes (1963), which provides that any person whose chain of title extends from any title transaction recorded over thirty years has a marketable record title free and clear of all claims, with the exception of those set forth in section 712.03.
Appellee brought an action to quiet title against appellant and subsequently moved for a summary judgment which was granted. Appellant then moved for rehearing, attaching affidavits attempting to show that a genuine issue of material fact existed as to whether or not Lake Poinsett was in fact a navigable lake when Florida was admitted into the Union in 1845 and, thus, that the lake bottom was sovereignty lands.[2] The trial court considered the affidavits as sufficient to create an issue of fact as to the navigability of Lake Poinsett and first set aside the summary judgment, but then reconsidered in view of this court's opinion in State, Department of Natural Resources v. Contemporary Land Sales, Inc., 400 So.2d 488 (Fla. 5th DCA 1981), and reentered summary final judgment for appellee.
It is immaterial whether appellant's belated affidavits and "historical documents" attached to its motion for rehearing created a question of fact as to the navigability of Lake Poinsett in its present location when Florida was admitted to the Union because whether they were then sovereignty lands does not determine this litigation. Although Contemporary Land Sales did not reach the question as to whether the State or Contemporary owned the land still beneath the waters of Lake Louisa encompassed in Contemporary's deed,[3] we held that the exposed lands formerly beneath the lake continued to be sovereignty lands after they were exposed. It was the Marketable Record Title Act, and not the lowering of the water level of Lake Louisa with the resulting exposure of dry land, that perfected Contemporary's title and, conversely, divested state ownership of it as sovereignty lands. Therefore, it likewise follows in this case that the issues are: (1) whether the public records disclosed a record title transaction purporting to create or transfer the estate claimed by appellee which was the last title transaction recorded at least thirty years prior to the time of the inquiry, and (2) whether the rights asserted by appellant were within one of the exceptions in section 712.03, Florida Statutes.
The 1906 deed from appellant to appellee's remote grantor constitutes appellee's root of title and satisfies the first issue. As to the second issue, from 1963 until it was amended effective June 15, 1978 (Ch. 78-288 § 1, Laws of Florida), section 712.03 contained no exception as to sovereignty lands. Appellant argues that the 1978 amendment, § 712.03(7), Fla. Stat. (1979), excepting state sovereignty lands beneath navigable waters from the Marketable Record Title Act, should be applied retroactively. Since MRTA is not a statute of limitations and acted to terminate all interests to which it applied when it was enacted and continuously since that time, appellee's title was perfected in 1963 and any retroactive construction of the amendment would unconstitutionally deprive appellee of rights vested in it in 1963.
Lastly, appellant impassionately urges this court to save and preserve sovereignty lands beneath navigable waters for the benefit of all of the people of the State. It was appellant, an executive agency of the State, *12 that wrongfully[4] executed the 1906 deed that is appellee's "root of title"[5] and it was the state legislature that omitted an exception in favor of sovereignty lands from the original enactment in 1963 of the Marketable Record Title Act, thereby perfecting appellee's title. Under our constitutional separation of powers doctrine, the state judiciary has no alternative but to read the plain language of MRTA as it existed prior to the 1978 amendment to perfect private ownership of sovereignty lands in applicable cases. This was done in Modrall v. Sawyer, 297 So.2d 562 (Fla. 1974) and Odom v. Deltona Corp., 341 So.2d 977 (Fla. 1976), and by the trial court in this case. Therefore the final summary judgment is
AFFIRMED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] See § 712.04, Fla. Stat. (1963).
[2] Appellant also presented and argued that certain consent decrees in unrelated litigation constituted a claim in favor of the State recorded subsequent to the effective date of appellee's root of title and, therefore, constituted an exception under section 712.03(4). However, the general reference in those documents to "all the water bottom lying within the boundaries of the following lakes: St. Johns River" is too vague to describe lands sufficiently to identify its location and boundaries if it were otherwise sufficient. See § 712.01(3), Fla. Stat. (1981).
[3] This issue was not reached because Contemporary Land Sales did not cross-appeal the trial court's decision as to those water covered lands.
[4] We say "wrongfully" because in 1906 the Trustees of the Internal Improvement Fund of the State of Florida had authority only to sell swamp and overflowed lands and not sovereignty lands beneath navigable waters.
[5] § 712.01(2), Fla. Stat. (1981).