469 So.2d 214 (1985)
STATE of Florida, DEPARTMENT OF NATURAL RESOURCES, et al., Appellants,
v.
BRONSONS, INC., a Florida Corporation, Appellee.
No. 84-812.
District Court of Appeal of Florida, Fifth District.
May 23, 1985.
*215 Lee R. Rohe, Tallahassee, for appellants.
Julian Clarkson and Michael L. Rosen, of Holland & Knight, Tallahassee, for appellee.
COWART, Judge.
As to land titles with roots of title that were thirty or more years old prior to the 1978 amendment to the Marketable Record Title Act (MRTA), section 712.02 et seq., Florida Statutes, that act can extinguish the claim of state sovereignty even to lands under meandered waters and can perfect title thereto in a private owner. See Askew v. Sonson, 409 So.2d 7 (Fla. 1982); Odom v. Deltona Corp., 341 So.2d 977 (Fla. 1976); Board of Trustees v. Paradise Fruit Co., 414 So.2d 10 (Fla. 5th DCA 1982), review denied, 432 So.2d 37 (Fla. 1983); State, Dept. of Natural Resources v. Contemporary Land Sales, Inc., 400 So.2d 488 (Fla. 5th DCA 1981); Coastal Petroleum Co. v. American Cyanamid, 454 So.2d 6 (Fla. 2d DCA 1984); Sawyer v. Modrall, 286 So.2d 610 (Fla. 4th DCA 1973), cert. denied, 297 So.2d 562 (Fla. 1974); Starnes v. Marcon Inv. Group, 571 F.2d 1369 (5th Cir.1978).
In this case the lands in question were unmeandered. The findings and acts of the original United States Government Surveyor (the cadastral engineer of the federal Bureau of Land Management), as shown by his field notes and plats, are official acts of the executive branch of the federal sovereign and were intended to be, and are, conclusively deemed correct. The government surveyor was under a duty to ascertain all permanent natural navigable waters constituting sovereignty lands and to meander them so as to identify them and distinguish them for all time from lands of other character. His findings and acts in this particular, like his other findings and acts, are not subject to examination and "correction" in courts of law. Correction of the original governmental survey must be made, if at all, by a resurvey commissioned by the same authority as was the original survey. The opinion in an affidavit of a present day land planner employed by the Department of Natural Resources of the state is incompetent evidence to contradict the facts established by the government surveyor's field notes and plat as to the navigability of water on March 3, 1845, when Florida became a state, and is legally insufficient to create a genuine factual issue and to avoid summary judgment even if MRTA did not apply.
AFFIRMED.
COBB, C.J., and ORFINGER, J., concur.