348 So.2d 311 (1977)
STATE of Florida ex rel. Christopher N. GIRARD, Relator,
v.
Joseph P. McNULTY et al., Respondents.
No. 50574.
Supreme Court of Florida.
June 9, 1977.
Rehearing Denied July 29, 1977.
Philip J. Padovano, of Ruiz, Padovano & Schrader, St. Petersburg, for relator.
Robert L. Shevin, Atty. Gen. and Robert J. Landry, Asst. Atty. Gen., for respondents.
BOYD, Justice.
Relator Christopher Girard filed a Suggestion for Writ of Prohibition asking this Court to prohibit the District Court of Appeal, Second District, from exercising jurisdiction in the case of State v. Stewart, et al., Case No. 76-140. We issued a Rule Nisi in Prohibition commanding the respondents to show cause why the writ should not issue. The respondents' brief in opposition to the suggestion has been received.
On August 14, 1975, Girard, Wayne Stewart and John Tudor were arrested and charged by information in the Circuit Court, Sixth Judicial Circuit, in and for Pinellas County, with sale of marijuana. Girard moved to dismiss the information for its failure to allege grounds necessary to charge a felony or alternatively to transfer the cause to county court which has jurisdiction over misdemeanors. On January 19, 1976, the Motion to Dismiss was granted by order of the circuit court. It is not clear from the conformed copy of the record filed in this Court whether the cause was transferred to county court but, in any event, the information filed in circuit court was dismissed.
On January 23, 1976, the State filed its Notice of Appeal in the Second District Court of Appeal for review of the dismissal order. On the same day, on the State's motion, the circuit court ordered that the running of the Speedy Trial time, under Rule 3.191, Fla.R.Crim.P., be extended for a time as may be reasonably necessary for the State to prosecute its appeal and reset the case for trial. Girard then moved that the circuit court vacate the "extension" order for failure of the State to serve him notice of the hearing on it. The court ruled that the dismissal of the information created an exceptional circumstance which permitted the court, by Rule 3.191(d)(e), Fla.R. Crim.P., to extend the Speedy Trial Rule time on an ex parte motion. Accordingly, *312 the Motion to Vacate was denied. Girard then moved to dismiss the appeal before the district court on the ground that it is moot. The motion was denied and this suggestion for prohibition followed.
If the time under the Rule was not validly extended, then it has expired[1] and Girard, upon proper motion, and finding of availability for trial, must be forever discharged from the crime. Rule 3.191(a)(1), Fla.R.Crim.P. Discharge moots the State's appeal so that the district court has lost jurisdiction and should be prohibited from proceeding on it.[2]
Girard contends that the time was not validly extended because dismissal of an information is not one of the "exceptional circumstances" (enumerated in subparagraph (f) of the Speedy Trial Rule) which permits the time to be extended on an ex parte motion. The contention fails. "Exceptional circumstances" are not limited to those enumerated. The definition provided by subparagraph (f) of the Rule is much broader:
"Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order of the Court."
The information against Girard charges that on August 14, 1975, he "did unlawfully sell a certain controlled substance, to-wit: marijuana ... contrary to Chapter 893.13, Florida Statutes...." The trial court was correct in ruling that an extension order was required as a matter of justice to the State to permit it to litigate before the district court whether such an information charges more than misdemeanor delivery of cannabis:
"If the first offense is the ... delivery without consideration of not more than five grams of cannabis that person shall be guilty of a misdemeanor..." Section 893.13(f), Florida Statutes. (emphasis supplied)
The extension order is valid despite its ex parte nature, the appeal is not moot and the district court may proceed on it. The Rule Nisi in Prohibition is discharged.
It is so ordered.
OVERTON, C.J., and ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] 180 days having passed since Girard was taken into custody August 14, 1975 (the day of his arrest).
[2] Prohibition is a proper remedy to prevent a lower court from proceeding on a cause over which it does not have jurisdiction.