381 So.2d 323 (1980)
Peter John BARAN, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2517/T4-306.
District Court of Appeal of Florida, Fifth District.
March 19, 1980.
*324 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Chief, Appellate Div., West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Glen H. Mitchell, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Chief Judge.
In this appeal from an order revoking appellant's probation it is apparent from the record that the trial judge failed to take into consideration the fact that the appellant failed to pay his public defender lien only because he was indigent and unable to make the payment. Although appellant's defense was that he thought he had paid more than the amount shown in the public defender's records, the fact remains that the evidence clearly shows appellant to be indigent. Therefore, we must reverse the order revoking appellant's probation and remand this matter to the trial court with directions to discharge appellant because his probationary term has expired. Freiberger v. State, 343 So.2d 57 (Fla. 4th DCA 1977).
We note with disapproval that the lawyer who represented appellant at the probation violation hearing was from the same lawyers' office which provided the evidence to convict appellant. This is a violation of Disciplinary Rule 5-102(B) of the Florida Bar Code of Professional Responsibility. See also Fla. Bar Code Prof. Resp., E.C. 5-1. However, we hasten to add that the record reflects defense counsel did as well as any lawyer could have done in defending his client and the conflict of interest did not obviously reduce the zealous defense of the accused. This is good example of the necessity of avoiding even the appearance of conflict or misconduct.
REVERSED AND REMANDED WITH DIRECTIONS.
CROSS and UPCHURCH, JJ., concur.