DAUKSCH, Judge.
This is an appeal from an order of discharge in a criminal case. F.R.Crim.P. 3.191.
Appellee was not brought to trial within 180 days of his arrest for a felony charge so he filed a motion for discharge pursuant to the speedy trial rule mentioned above. The trial judge granted the motion and ordered appellant discharged.
The state filed a Motion to Set Aside the Order of Discharge before the discharge order was rendered but after the court had announced its intention to grant the motion. Although the trial judge recognized in his “Order on Motion to Set Aside Discharge” that he had erred in orally granting the motion and later signing the discharge order, he felt he was without authority to grant the motion to set aside.
*410 We agree with the trial judge and the appellant that it was error to discharge the appellee. Although the 180 days from arrest had elapsed the appellee was not entitled to discharge because the 180 day rule, Rule 3.191(a)(1), Florida Rule of Criminal Procedure, did not apply to him. Rule 3.191(g),[1] Florida Rule of Criminal Procedure is the rule which governs this case because during the post-arrest/pre-trial period the appellee took an appeal. The effect of his having taken an appeal is to extend the speedy trial time until 90 days after receipt of the mandate (or order, or notice) from the appellate court. That time period had not run, so the court erred in discharging appellee.
The order of discharge is quashed and this cause is remanded for further proceedings.
ORDER REVERSED.
COWART, J., and DANIEL, C. WEL-BORN, Associate Judge, concurs.

. Rule 3.191(g), Florida Rule of Criminal Procedure:
Effect of Mistrial, Order of New Trial. A person who is to be tried again shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time.