437 So.2d 142 (1983)
Danny Lee LOWE, Petitioner,
v.
The Honorable Joseph E. PRICE, Respondent.
No. 61489.
Supreme Court of Florida.
July 14, 1983.
Rehearing Denied September 30, 1983.
*143 Donald A. Wich, Jr. of Sullivan, Ranaghan, Bailey & Gleason, Pompano Beach, for petitioner.
Jim Smith, Atty. Gen. and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for respondent.
ADKINS, Justice.
By petition for review we have before us a decision of the Fourth District Court of Appeal, Lowe v. Price, 405 So.2d 308 (Fla. 4th DCA 1981), which expressly and directly conflicts with decisions of this Court, Feger v. Fish, 106 Fla. 564, 143 So. 605 (1932); Dickoff v. Dewell, 152 Fla. 240, 9 So.2d 804 (1942), and with decisions of various district courts of appeal, Bates v. Keating, 396 So.2d 1172 (Fla. 5th DCA 1981); State ex rel. Smith v. Nesbitt, 355 So.2d 202 (Fla. 3d DCA 1978) and cases holding similarly. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner, Lowe, (hereinafter defendant), was charged by information with sexual battery, armed robbery and breaking and entering. Defendant was arrested on July 31, 1979. The state entered a nolle prosequi directed to the information and obtained a grand jury indictment containing the identical charges. After discovery violations by the state, the trial court dismissed the indictment against defendant and the state appealed, notice of appeal dated July 1, 1980. Mandate was issued July 15, 1981, and received by the trial court on July 16, 1981. Defendant filed a motion for discharge on August 5, 1981, arguing that the time for speedy trial had expired. Fla.R. Crim.P. 3.191. The trial court denied defendant's motion, but granted a stay pending review of its action on defendant's petition for writ of prohibition.
The Fourth District Court of Appeal denied the writ, and as grounds therefor held prohibition to be an inappropriate remedy and that it had no jurisdiction to hear the case prior to trial.
We first address defendant's claim that the district court erred in concluding that prohibition is inappropriate to remedy a speedy trial violation. On the authority of Sherrod v. Franza, 427 So.2d 161 (Fla. 1983), we reiterate that prohibition is an appropriate remedy to prohibit trial court proceedings where an accused has been denied his right to a speedy trial and his motion for discharge has been denied. See, Sibert v. Hare, 276 So.2d 523 (Fla. 4th DCA 1973). Prohibition is a proper remedy to prevent a lower court from proceeding in a cause over which it has no jurisdiction. State ex rel. Girard v. McNulty, 348 So.2d 311 (Fla. 1977), and a court does not have jurisdiction to try a defendant when he is entitled to discharge because his right to speedy trial has been violated. Having so concluded, we now turn to whether the trial court erred in denying defendant's motion for discharge due to speedy trial rule violations, thereby depriving it of jurisdiction to proceed further.
We requested supplemental briefs in this case on the issue of whether the new speedy trial rule effective January 1, 1981, applied to these proceedings. Florida Bar In re Rules of Criminal Procedure, 389 So.2d 610 (Fla. 1980); Fla.R.Crim.P. 3.191. We now answer this question affirmatively.
*144 Decisional law and rules in effect at the time an appeal is decided govern the case even if there has been a change since time of trial. Wheeler v. State, 344 So.2d 244 (Fla. 1977), cert. denied, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979); Collins v. Wainwright, 311 So.2d 787 (Fla. 4th DCA 1975).
In the present case, defendant moved for discharge on August 5, 1981. This motion was denied by the trial court and the court ordered a stay pending outcome of the appeal. Tested under current Florida Rule of Criminal Procedure 3.191(g), the court did not err in denying defendant's motion because under Florida Rule of Criminal Procedure 3.191(d)(3), a motion for discharge is not timely unless presented on or after the expiration of the applicable time periods. Under Rule 3.191(g), a defendant whose trial has been delayed by an appeal must be brought to trial within ninety days from the date the trial court receives mandate.
Mandate from the appellate court in the instant case was received by the trial court on July 16, 1981. The ninety-day speedy trial time period began to run anew on that date. After only twenty days had run on the speedy trial clock, defendant moved for discharge prematurely, and upon taking an appeal from the denial of his motion, defendant asked for, and was granted, a stay which remains in effect.
Consequently the trial court action in denying the motion for discharge was in conformity with Rule 3.191(g). The district court's action in declining to issue the writ of prohibition was correct in that the trial court was not acting in excess of its jurisdiction. The decision is approved for the reasons stated in this opinion.
It is so ordered.
BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ALDERMAN, C.J., concurs in part and dissents in part with an opinion.
ALDERMAN, Chief Justice, concurring in part, dissenting in part.
I agree with the majority's holding that the trial court's action in denying Lowe's motion for discharge was in conformity with Florida Rule of Criminal Procedure 3.191(g), and I concur with the result of the majority opinion which approves the district court's denial of Lowe's petition for writ of prohibition. But for the reasons stated in my dissent in Sherrod v. Franza, 427 So.2d 161 (Fla. 1983), I dissent from the holding that the district court erred in concluding that prohibition is inappropriate to remedy a speedy trial rule violation. In my view, prohibition is not a proper remedy to seek review of a trial court's order denying a defendant's motion for discharge based on the speedy trial rule.