PER CURIAM.
Where appeals in State v. Sagre, 430 So.2d 919 (Fla. 3d DCA 1983) and State v. Arroyo, 422 So.2d 50 (Fla. 3d DCA 1982) resulted in an order granting an extension of the speedy trial period under Florida Rule of Criminal Procedure 3.191 “to and including ninety (90) days beyond the receipt of the mandate of the final appellate court... ”, defendant was not entitled to be discharged on March 24, 1983 because the final appellate mandate in State v. Sagre did not issue until June 10,1983. A motion for discharge is untimely where it is presented within ninety days after the trial court receives the mandate from the appellate court. Lowe v. Price, 437 So.2d 142 (Fla.1983); Fla.R.Crim.P. 3.191(d)(3) and 3.191(g). Neither can the dismissal be sustained on constitutional speedy trial grounds because there is no showing of prejudice. State v. Nieman, 433 So.2d 572 (Fla.3d DCA 1983).
Reversed.
The Court will not entertain a Motion for Rehearing.