## STATE OF FLORIDA v. CHAPMAN

### Case No. 84-134-AC

Eleventh Judicial Circuit, Appellate Division, Dade County

December 13, 1984

### APPEARANCES OF COUNSEL

**Jim Smith**, Attorney General, and **G. Bart Billbrough**, Assistant Attorney General, for appellant.

**Irwin F. Kosdan** for appellee.

Before RIVKIND, TENDRICH, and SALMON, JJ.

### OPINION OF THE COURT

SALMON, J.

The defendant was tried and convicted. His conviction was reversed by this court, and remanded for a new trial. The state had ninety (90)

days thereafter in which to retry the defendant, Fla. R. Crim. P. 3.191(g). That period was extended resulting in the speedy trial period expiring April 2, 1984. Prior to that date, the defendant moved the trial court to discharge him; when the motion was denied the defendant, prior to April 2, 1984, sought a writ of prohibition from a judge of the circuit court. This petition was denied April 10, 1984. On May 4, 1984, the trial court discharged the defendant.

When the defendant, before the expiration of the time within which he was required to be brought to trial, filed his petition for writ of prohibition he became unavailable for trial. Accordingly, the State again had ninety (90) days from the date of the order denying the petition within which to bring the defendant to trial. *Eire v. Kaney*, 393 So.2d 649 (Fla. 5th DCA 1981) and *State v. Jowais*, 423 So.2d 409 (Fla. 5th DCA 1981). Because the trial judge discharged the defendant before that time expired, the order discharging the defendant is reversed, and the cause is remanded to the County Court in order that a trial may be had.

RIVKIND and TENDRICH, JJ. concur.