539 So.2d 565 (1989)
STATE of Florida, Appellant,
v.
Kim KRUGER, Appellee.
No. 88-1417.
District Court of Appeal of Florida, Fourth District.
March 8, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellant.
Donnie Murrell of Birch and Murrell, West Palm Beach, for appellee.
PER CURIAM.
The state appeals the trial court's order granting a motion for discharge. The motion was granted pursuant to rule 3.191(d)(3), Florida Rules of Criminal Procedure, which provides for discharge on speedy trial grounds.
The trial court correctly denied defendant's initial motion for discharge filed pursuant to the 180-day speedy trial rule, because the defendant had taken continuances. This denial triggered the provisions of rule 3.191(d)(3) which states in part:
(d)(3). Delay and Continuances: Effect on Motion.... If the court finds that discharge is not appropriate for reasons under (d)(3)(ii), (iii), or (iv), the pending motion for discharge shall be denied provided however, trial shall be scheduled and commenced within 90 days of a written or recorded order of denial.
This provision provides for a ninety day speedy trial window period. Defendant moved for an immediate discharge after this ninety-day period expired. The trial court granted this motion.
The state contends on appeal, as it did at trial, that after the rule 3.191(d)(3) ninety-day window period has expired, it is entitled to the additional fifteen-day grace period provided by rule 3.191(i), Florida Rules of Criminal Procedure. We agree.
Rule 3.191(i)(3) and (4) provides:

*566 (i) Remedy For Failure To Try Defendant Within the Specified Time.
... .
(3) In the case of a defendant charged with a felony, the defendant may, at any time after the expiration of the prescribed time period, file a motion for discharge.
(4) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.
We conclude the motion for discharge was improperly granted at the expiration of the ninety-day time period. Rule 3.191(i) applies and provides the state with an additional fifteen-day grace period. Therefore, the order of discharge is reversed and the cause remanded for further proceedings consistent with this opinion.
LETTS, GLICKSTEIN and POLEN, JJ., concur.