PER CURIAM.
Appellant seeks review of the trial court’s summary denial of his motion for post conviction relief under Rule 3.850, Florida Rules of Criminal Procedure. He alleged that the ineffective assistance of trial counsel resulted in a violation of his right to a speedy trial.[1] The trial judge denied the motion without conducting an evidentiary hearing or without attaching portions of the record or file to refute appellant’s claim.
We find the motion is legally sufficient, given the allegations in the appellant’s motion that trial counsel, the Public Defender, has conceded ineffective assistance of counsel by its office. In order to deny a legally sufficient motion for post conviction relief without an evidentiary hearing, the trial court must attach portions of the record or file that conclusively demonstrate that the movant is not entitled to relief. Gentry v. State, 464 So.2d 659 (Fla. 4th DCA 1985).
We reverse and remand with directions to the trial court to attach portions of the record or file that conclusively demonstrate that appellant is not entitled to relief or to conduct an evidentiary hearing to determine whether appellant was denied effective assistance of counsel.
GLICKSTEIN, POLEN and GARRETT, JJ., concur.

. The trial court denied appellant’s first motion for discharge, but granted his second motion. The State appealed and this court reversed the order of discharge. State v. Kruger, 539 So.2d 565 (Fla. 4th DCA 1989). On remand, appellant entered a guilty plea. He acknowledges that the guilty plea precludes a direct appeal of his conviction.