596 So.2d 1271 (1992)
STATE of Florida, Appellant,
v.
Glen Garry ROHM, Appellee.
No. 91-2213.
District Court of Appeal of Florida, Fourth District.
April 22, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellant.
Greg Ross of Law Offices of Greg Ross, P.A., Fort Lauderdale, for appellee.
ANSTEAD, Judge.
We agree with the state that the trial court erred in granting the appellee's motion for discharge under the speedy trial rule. State v. Kruger, 539 So.2d 565 (Fla. 4th DCA 1989).
Pursuant to the state's motion, the trial court extended the speedy trial time until July 15, 1991. The trial did not actually commence until July 22, 1991, at which time the appellee sought and was granted a discharge. The state contended then, and now asserts on appeal, that it was entitled to the benefit of the provisions of Florida Rule of Criminal Procedure 3.191(i)(3) and (4) which provide:
Remedy for Failure To Try Defendant Within the Specified Time.
.....
(3) In the case of a defendant charged with a felony, the defendant may, at any time after the expiration of the prescribed time period, file a motion for discharge.

*1272 (4) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.
We held in Kruger, that under these provisions the state was entitled to 15 days from the date of the defendant's motion for discharge to bring the defendant to trial, even though the speedy trial time had expired. The fact that the speedy trial time had been previously extended for exceptional circumstances did not affect the operation of these provisions.
Accordingly, we reverse and remand with directions for further proceedings in accord herewith.
HERSEY and GARRETT, JJ., concur.