615 So.2d 757 (1993)
STATE of Florida, Appellant/Cross-Appellee,
v.
Kim KRUGER, Appellee/Cross-Appellant.
Nos. 91-1827, 91-1961.
District Court of Appeal of Florida, Fourth District.
March 3, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellant/cross-appellee.
Viktoria L. Gres, Stuart, for appellee/cross-appellant.
DELL, Judge.
These consolidated appeals arise out of a single order entered on Kim Kruger's motions for post conviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We will refer to the trial court case numbers in this opinion. In Case No. 87-6653, the state appeals the trial court's order granting a new trial and Kruger cross appeals claiming the trial court should have entered an order of discharge for violation of his constitutional right to a speedy trial. We accept Kruger's late-filed *758 cross-appeal. See Ash v. Coconut Grove Bank, 448 So.2d 605 (Fla. 3d DCA 1984). In Case Nos. 87-5722, 87-6462 and 87-6428, Kruger appeals again claiming the trial court should have entered an order of discharge because the state violated his speedy trial rights.
In June of 1987, the state charged Kruger with various theft, forgery and burglary related crimes that occurred during the previous month. On October 2, 1987, Kruger's first public defender moved for and received a continuance in Case No. 87-5722. Trial was set for December 14, 1987. On October 13, the trial court received a letter from Kruger regarding the four cases which stated, "I am not waiving my right to trial within the 180 day period allowed by law. My attorney does not have my permission to do so."
On October 16, the same public defender filed a waiver of speedy trial in Case Nos. 87-6428 and 87-6462. On October 28, Kruger filed a pro se motion to dismiss his counsel.
Thereafter, the trial court appointed a second public defender to represent Kruger. On December 23, 1987, Kruger filed a pro se motion for discharge on speedy trial grounds. Although the motion referenced all four pending cases, Kruger only asked for relief in Case No. 87-5722. At the December 30 hearing, Kruger's second public defender indicated he could not argue ineffective assistance of counsel given his affiliation with the public defender's office. The trial court did not rule on this motion because all four cases were set for trial in early January.
On January 4, 1988, Kruger was tried and convicted in Case No. 87-6653. This court affirmed without opinion. Kruger v. State, 539 So.2d 1137 (Fla. 4th DCA 1989). On January 7, the second public defender removed himself and his office from Kruger's cases. On January 15, the trial court appointed private counsel to handle Kruger's remaining cases. On January 20, the trial court denied Kruger's earlier pro se motion for discharge on speedy trial grounds without prejudice and ordered a full evidentiary hearing on this issue for February 2, 1988. At that hearing, the trial court struck Kruger's pro se motion without prejudice and allowed Kruger's third attorney to file another motion for discharge. On April 28, 1988, the trial court granted Kruger's counsel's motion for discharge on speedy trial grounds in Case Nos. 87-5722, 87-6462 and 87-6428. This court reversed. Kruger v. State, 539 So.2d 565 (Fla. 4th DCA 1989). On June 22, 1989, Kruger pled guilty to the charges in his remaining cases.
In March of 1990, Kruger's fourth appointed counsel filed two post-conviction relief motions in Case Nos. 87-6653 and 87-5722 pursuant to rule 3.850, Florida Rules of Criminal Procedure. Kruger's first motion alleged his first public defender was ineffective and that he and his second public defender had a conflict of interest. His second motion alleged a violation of his right to a speedy trial. This court reversed the trial court's summary dismissal of these motions and directed the trial court to conduct an evidentiary hearing. Kruger v. State, 566 So.2d 77 (Fla. 4th DCA 1990).
On March 28 and May 23, 1991, the trial court conducted an evidentiary hearing. Kruger testified his first public defender waived his speedy trial rights against his wishes because she was unprepared for trial. The public defender stated she did not attempt to vacate her waiver despite Kruger's displeasure with her decision to waive his right to a speedy trial. Although she had not taken any depositions as of the time she waived speedy trial, she believed it was in Kruger's best interests to negotiate a plea for all of the cases for the following reasons: the state had some strong cases, the trial court could habitualize him, he had unreasonable expectations about his cases, the state indicated it would file further charges against him and she was not prepared for trial given her heavy caseload.
On June 6, 1991, the trial court granted Kruger a new trial in Case No 87-6653 but denied Kruger discharge in all four cases based upon speedy trial grounds. The trial *759 court made the following findings of fact and conclusions of law:
Case 87-6653 CF A02 raises two (2) issues: ineffective assistance of counsel and conflict of interest. The issues are factually interrelated and the relief Petitioner seeks is a new trial. In the remaining three cases, Petitioner seeks a discharge pursuant to the speedy trial rule.
Hearings were held on March 28, 1991 and May 23, 1991 at which the Court took extensive testimony from both parties and heard argument of counsel. Pursuant to same, the Court makes the following findings of fact and conclusions of law.
Petitioner Kruger seeks discharge of cases 87-5722, 87-6428 and 87-6462 CF A02 which is hereby denied. In each case speedy trial was properly waived. See McArthur v. State, 303 So.2d 359 (Fla. 3rd DCA 1974), State v. Abrams, 350 So.2d 101 [1104] (Fla. 4th DCA 1977) and Knight v. State, 394 So.2d 997 (Fla. 1981).
In case number 87-6653 CF A02, the Petitioner sought to discharge his attorney claiming ineffective assistance of counsel because of the attorney's waiver of his right to a speedy trial without his permission and against his specific wishes. The Court finds that the Petitioner was provided with effective counsel who represented the Petitioner to the very best of her ability and in an extremely competent manner and that the conflict was created by the Petitioner himself because of a disagreement with his lawyer's judgment. Therefore, the relief sought cannot be granted on this ground. See McArthur, Abrams and Knight, supra.

The conflict issue is another matter. The conflict arises because one attorney from the Public Defender's Office was discharged based on personal conflict arising over the difference of opinion on the speedy trial matter as set forth above. Thereafter, new counsel was appointed from the same Public Defender's Office. Clearly, under existing case law if a conflict exists between a lawyer and a client, the conflict extends to any lawyer in the law firm. The Public Defender's Office is a law firm. Therefore, any conflict which existed between the Petitioner and his first attorney from the Public Defender's Office also existed with the second attorney. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 [, 80 L.Ed.2d 674] (1984), and Rule 4-1.10 Rules of Professional Conduct.
We find record support for each of the trial court's findings. As to Case No. 87-6653, we reject Kruger's request for discharge on speedy trial grounds because Kruger never specifically asked for such relief in his December 23 pro se motion and the trial court eventually tried and convicted him. As to Case Nos. 87-6428 and 87-6462, the record shows Kruger's counsel expressly waived his right to a speedy trial. In Case No. 87-5722, Kruger's counsel sought a continuance thereby waiving his right to demand a speedy trial. As this court observed in State v. Abrams, 350 So.2d 1104 (Fla. 4th DCA 1977):
The principle is well established that the right to a speedy trial is waived when the defendant or his attorney request a continuance. The acts of an attorney on behalf of a client will be binding on the client even though done without consulting him and even against the client's wishes. (citations omitted).
Id. at 1105.
Accordingly, we affirm the order of the trial court in all respects.
AFFIRMED.
GLICKSTEIN, C.J., and OWEN, WILLIAM C., JR., Senior Judge, concur.