617 So.2d 781 (1993)
Wilbert KIRKLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2262.
District Court of Appeal of Florida, Fourth District.
April 28, 1993.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse the trial court's order which denied appellant's motion to withdraw his plea and remand with direction that appellant be allowed an evidentiary hearing at which he is represented by counsel not affiliated with the public defender's office which represented him initially.
The issue is whether the trial court erred in appointing the public defender to represent appellant at an evidentiary hearing on a motion to withdraw a plea when another assistant public defender with the same office was called as a state witness and gave adverse testimony. We conclude that it did.
Following our decision in Kirkland v. State, 593 So.2d 1234 (Fla. 4th DCA 1992), on remand the trial court appointed the public defender's office to represent appellant at the mandated evidentiary hearing. Two assistant public defenders represented appellant, who did not challenge the appointment on the ground that a colleague of these two had represented him in the prior proceedings. Appellant's original public defender testified as a state witness at the hearing. At the conclusion of the hearing, held in four sessions, the trial court found that based on the evidence appellant had been sufficiently informed of the ramifications of the plea and actually had discussed what it meant to agree to a plea where he would be habitualized, i.e., the loss of basic gain time. The trial court entered an order in which it denied appellant's motion to withdraw his plea and he appealed this denial to this court.
Appellant argues essentially that representation by the same public defender's office which employed the assistant who represented him when he entered his plea and who testified as a state witness against him at the evidentiary hearing created a conflict of interest that resulted in deprivation of assistance of effective counsel and fundamental error. Appellant correctly asserts that the public defender's office is the functional equivalent to a law firm. Bouie v. State, 559 So.2d 1113, 1115 (Fla. 1990). Different attorneys in the same public defender's office cannot represent defendants with conflicting interests. Id.
While the instant case does not involve representation of defendants with conflicting *782 interests, it involves an analogous situation, representation of a defendant against whom another public defender testified as an adverse witness. The situation is replete with the appearance of conflict. See State v. Kruger, 615 So.2d 757 (Fla. 4th DCA 1993) and Baran v. State, 381 So.2d 323 (Fla. 5th DCA 1980). The issue in the instant case was a factual one and turned on the credibility of appellant and the public defender who represented him initially. We agree with appellant, based on Kruger, that he was entitled to representation by counsel not affiliated with the same public defender's office.
GLICKSTEIN, C.J., GUNTHER, J., and WALDEN, JAMES H., Senior Judge, concur.