FARMER, Judge.
When the speedy trial time provided in rule 3.191(a)[1] has fully run, and the trial court grants a timely motion for discharge during the unexpired 15-day window period[2] which is reversed on appeal, does the state on remand have the 15-day window period to bring the defendant to trial, or instead the 90-day appellate mandate period?[3] Under the facts of this case, we hold that the 15-day window period applies and affirm the court’s discharge after remand.
In the first appeal in this case, State v. Rohm, 596 So.2d 1271 (Fla. 4th DCA 1992), we reversed the speedy trial discharge because the court failed to give the state the 15-day window period in which to bring the defendant to trial. Our reversal was based on State v. Kruger, 539 So.2d 565 (Fla. 4th DCA 1989), which was factually identical, i.e., a discharge within — rather than after — the 15-day window period. In both cases, however, our remand was unspecific; we simply ordered further proceedings consistent with the reversal. We did not specify that the trial was to occur, if at all, within any identified period. The trial court here concluded that further proceedings consistent with the reversal meant that the state had to bring defendant to trial within the 15-day period.
In arguing error, the state relies on the text of rule 3.191(m) and Lowe v. State, 437 So.2d 142 (Fla.1983), to stand for the universal proposition that all criminal trials after an appellate mandate are governed by the 90-day provision of rule 3.191(m). We do not read either rule 3.191(m) or Lowe as broadly as the state contends. We begin as we must *931 with the precise text of the rule, which we repeat here:
“(m) Effect of Mistrial; Appeal; Order of New Trial. A person who is to be tried again or whose trial has been delayed by an appeal by the state or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of the mandate, order, or notice of whatever form from an appellate or other reviewing court that makes possible a new trial for the defendant, whichever is last in time. If a defendant is not brought to trial within the prescribed time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p).” [e.s.]
We read the above text — especially the highlighted portion which is the portion urged by the state as controlling under the facts of this case — to apply only to appellate mandates which “make possible a new trial for the defendant.”
In other words, we construe the plain language of this rule to create four possible triggering events for the 90-day period. The first is a mistrial, in which event the period begins to run from the date on which the trial court declared the mistrial. The second is an unappealed order granting a new trial, in which event the period begins to run on the date of the trial court’s order granting the new trial. The third is an unappealed order granting a motion in arrest of judgment, in which event the period begins to run on the date of entry of the trial court’s order. The fourth (and last) is a mandate from a higher court making a new trial possible, in which event the period begins to run from the date on which the trial court receives the mandate.
We distinguish, as the drafters of this rule so obviously did by the text they chose, between trials, on the one hand, and new trials or retrials, on the other. In the case of a new trial, the state has met its initial burden to bring the defendant to trial within the initial speedy trial period. The result of that trial has been reversed at the instance of the defendant, and no double jeopardy consideration prevents a retrial (or new trial) from taking place. In that situation, the rule draws a speedy trial compromise between giving the state another 175 days to begin the new trial, on the one hand, and the defendant’s legitimate interest in having some greatly reduced period, on the other.
No such analysis is justifiable when, as here, the state has already failed to bring the defendant to trial within the initial period. It cannot point to its full compliance with the rule’s intent before the defendant invoked his speedy trial right. It cannot point to any presumption of correctness ás to the resulting judgment and its reliance thereon in releasing its witnesses, as a prejudice arising from the reversal. On the other hand, subdivision (p)(3) of the rule still gives the state one last “window” period of 15 days to remedy its tardiness, which the trial judge is not free under the rule to take away.
When a trial court incorrectly denies even that period to the state, we are obliged under the rule to reverse, but not to start trial within 90 days as in the case of a new trial made possible by an appellate court’s mandate, but only within the 15-day window period prescribed by rule 3.191(p)(3). Cf. State v. Eubanks, 630 So.2d 200 (Fla. 4th DCA 1993) (trial court’s discharge after expiration of appellate mandate period, but without according state 10-day portion of window period after hearing on motion for discharge, requires reversal with instructions to bring to trial within 10-day period).
As for Lowe, also relied upon by the state, it plainly did not address the situation we face here, where a trial judge granted a timely filed motion for discharge after first affording the state the window period to bring defendant to trial. In this case, the mandate was received by the trial court on May 8th, defendant filed a motion for discharge on May 18th, and on May 28th the trial court granted the motion. Hence the state had more than the 15-day window period to bring defendant to trial but made no attempt to do so. In fact at the May 28th hearing the state sought a continuance until *932 at least August. We simply find no error in the trial court’s decision. If we are wrong, we have the luxury of certifying the issue stated in the first paragraph of this opinion to the supreme court as one of great public importance.
AFFIRMED; QUESTION CERTIFIED.
DELL, C.J., and GUNTHER, J. concur.

. See Fla.R.Crim.P. 3.191(a) (1993) ("Except as otherwise provided by this rule, and subject to the limitations imposed under subdivisions (e) and (f), every person charged with a crime by indictment or information shall be brought to trial * * * within 175 days if the crime charged is a felony.”).

. See FIa.R.Crim.P. 3.191(p)(3) (1993) ("No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days.").

.See Fla.R.Crim.P. 3.191(m) (1993) ("A person * * * whose trial has been delayed by an appeal by the state * * ' shall be brought to trial within 90 days from * * * the date of receipt by the trial court of a mandate * * * from an appellate or other reviewing court that makes possible a new trial for the defendant * * *.").