645 So.2d 968 (1994)
STATE of Florida, Petitioner,
v.
Glen Gary ROHM, Respondent.
No. 82927.
Supreme Court of Florida.
November 3, 1994.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Sr. Asst. Atty. Gen., and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for petitioner.
Greg Ross and Dvora Weinreb, Greg Ross & Associates, Fort Lauderdale, for respondent.
ANSTEAD, Justice.
In State v. Rohm, 629 So.2d 929, 930 (Fla. 4th DCA 1993), the district court of appeal certified the following question to be of great public importance:
When the speedy trial time provided in rule 3.191(a) has fully run, and the trial court grants a timely motion for discharge during the unexpired 15-day window period which is reversed on appeal, does the state on remand have the 15-day window period to bring the defendant to trial, or instead the 90-day appellate mandate period?
We have jurisdiction, Art. V, § 3(b)(4), Fla. Const. We hold that the 90-day speedy trial period provided in Florida Rule of Criminal Procedure 3.191(m) applies whenever a trial has been delayed by appeal.
In an earlier appeal, the district court reversed Rohm's speedy trial discharge because the trial court failed to give the state the 15-day window period to bring Rohm to *969 trial as prescribed in Rule of Criminal Procedure 3.191(p). State v. Rohm, 596 So.2d 1271 (Fla. 4th DCA 1992). On remand the trial court granted Rohm's motion for discharge when the state failed to bring Rohm to trial within 15 days. The trial court held the state was only entitled to the 15-day window period it had earlier been denied, and not the 90-day period provided in rule 3.191(m). The district court affirmed and held that rule 3.191(m) only applied to cases where a defendant was to be retried.
Rule 3.191(m) sets forth a uniform time period within which a person must be brought to trial when that person's trial has been delayed by certain events, including an appeal. The rule provides:
Effect of Mistrial; Appeal; Order of New Trial

A person who is to be tried again or whose trial has been delayed by an appeal by the state or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court that makes possible a new trial for the defendant, whichever is last in time.
Fla.R.Crim.P. 3.191(m) (emphasis supplied).
The pre-1981 version of rule 3.191(m) provided:
A person who is to be tried again shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time.
Fla.R.Crim.P. 3.191(g) (1972).
In 1980 this rule was amended into its present form, and added the words "or whose trial has been delayed by an appeal by the State or the defendant." Florida Bar re Rules of Criminal Procedure, 389 So.2d 610 (Fla. 1980).
Prior to the amendment, the courts and the parties had great difficulty in determining how much speedy trial time "remained" after an appeal, and in determining whether the speedy trial period had been tolled pending the appeal. In many instances appeals would be taken after a substantial portion of the basic 180 day speedy trial time had elapsed. Opinion was divided as to whether a defendant whose trial was delayed should be brought to trial in the balance of speedy trial time remaining, or whether a uniform time period should be provided. An underlying purpose of the rule and the 1980 amendment was to eliminate confusion about computing the appropriate time period and substitute a uniform time period instead.
In its opinion the district court focused only on the later words "new trial" in the rule, and held that the provisions of rule 3.191(m) applied only where there had already been a trial and a retrial had been ordered. In making this determination, the district court overlooked the 1980 amendment expressly making the rule applicable to persons "whose trial has been delayed by an appeal."
The district court's interpretation also conflicts with our opinions in Lowe v. Price, 437 So.2d 142 (Fla. 1983), and State v. Jenkins, 389 So.2d 971 (Fla. 1980).[1] As to the issue now before us, we expressly noted in Jenkins: "The ninety-day period under rule 3.191(g) as it presently exists does not apply since the defendant is not being `tried again.' This provision, however, has been changed effective January 1, 1981, and the ninety-day period under the new rule 3.191 will be applicable to state appeals." Id. at 975. We *970 explained the purpose for the 1980 amendment was to provide an "express, uniform ninety-day period within which a defendant must be brought to trial after various appellate proceedings by either the state or defendant," as well as after orders granting new trials. Jenkins, 389 So.2d at 976. Likewise, in Lowe, we held that "a defendant whose trial has been delayed by an appeal must be brought to trial within 90 days from the date the trial court receives mandate." Lowe, 437 So.2d at 144.
We acknowledge that in many instances the rule has the effect of enlarging the overall speedy trial time already extended by an appeal. Both before and after the 1980 amendment, there have been appeals taken when there was little of the basic 180-day period remaining, not unlike the 15-day period in dispute here.[2] No doubt that will continue to occur. However, the policy choice was made to substitute an express and uniform time period, albeit usually a longer one, rather than attempting to compute an appropriate time period for trial after appeal in each case.[3]
For all the above cited reasons, we quash the district court's decision and remand for further proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., concur.
NOTES
[1] Other courts have applied this construction to rule 3.191(g). See, e.g., State v. Ferras, 467 So.2d 765 (Fla. 4th DCA 1985); State v. Sagre, 435 So.2d 977 (Fla. 3d DCA 1983); State v. White, 436 So.2d 926 (Fla. 2d DCA 1983), review denied, 446 So.2d 100 (Fla. 1984); State v. Jowais, 423 So.2d 409 (Fla. 5th DCA 1982).
[2] The 15-day window period provisions of the rule were added in 1984. See Fla.R.Crim.Proc. 3.191(p)(3). Florida Bar re Amendment to Rules, 462 So.2d 386 (Fla. 1984).
[3] In Jenkins we also stated: "It must be recognized that in each of these circumstances  appeal by the state, appeal by the defendant, and retrial for the defendant  the sixty-day demand provision in rule 3.191(a)(2) is never terminated and remains an option always available to a defendant who can affirmatively state he is ready for trial after the appellate court enters its mandate or the trial court directs a new trial." Jenkins, 389 So.2d at 975.