PER CURIAM.
The State of Florida petitions this Court for writ of mandamus seeking reinstatement of an appeal. We have jurisdiction. See art. V, § 3(b)(8), Fla. Const.

FACTS

The relevant facts in the instant case are as follows: Clarke was charged with DUI manslaughter in Pinellas County. He filed a demand for speedy trial. The trial court subsequently sanctioned the State for a discovery violation by excluding certain State witnesses and evidence. The State filed a timely notice of appeal of the suppression/sanction order and sought an extension of speedy trial pending its appeal. The trial court denied the State’s request. The trial court eventually discharged Clarke on the DUI manslaughter charge based on a speedy trial violation.
The State appealed the discharge. Clarke moved to dismiss the State’s appeal for lack of jurisdiction arguing that the trial court had refused to extend the time for speedy trial pending appeal and the time had since run. The district court granted the motion and dismissed the appeal. After the district court denied rehearing, the State petitioned this Court for mandamus relief arguing that the district court improperly dismissed the appeal.

ANALYSIS

When a defendant has made a demand for speedy trial, and has not been brought to trial within the specified time under the rules, the defendant “shall be forever discharged from the crime.” Fla. R.Crim. P. 3.191(p)(3). Nevertheless, Florida Rule of Appellate Procedure 9.140(c)(1)(F) expressly states that the State has the right to appeal an order “discharging a defendant under Florida Rule of Criminal Procedure 3.191.” Nowhere in rule 9.140 does it provide that the *884 State must obtain an extension of speedy trial time in order for its right to appeal a rule 3.191 discharge to be preserved. Therefore, we conclude the district court erred in dismissing the State’s appeal for lack of jurisdiction.
The confusion in this case apparently arose because of the case State ex rel. Girard v. McNulty, 348 So.2d 311, 312 (Fla.1977), cited by Clarke. In McNulty, this Court stated:
If the time under the [speedy trial] Rule was not validly extended, then it has expired and [the defendant], upon proper motion, and finding of availability for trial, must be forever discharged from the crime. Discharge moots the State’s appeal so that the district court has lost jurisdiction and should be prohibited from proceeding on it.
348 So.2d at 312 (citation and footnote omitted). Clarke argues that under the above holding in McNulty, the district court lost jurisdiction to hear the State’s appeal of Clarke’s discharge when the speedy trial time expired and the State had been unable to obtain an extension. Having reviewed McNulty, we conclude that Clarke’s interpretation of that case is incorrect.
In McNulty, the defendant moved to dismiss an information for failure to allege grounds necessary to charge a felony. 348 So.2d at 311. The circuit court granted the motion. Id. The State appealed and also moved to extend the speedy trial time, which the trial court granted. Id. The defendant filed a motion to dismiss the State’s appeal, claiming that the speedy trial time had not been validly extended and therefore the appeal was moot. Id. at 312. The district court denied the motion and the defendant filed a petition for writ of prohibition with this Court seeking to prohibit the district court from hearing the appeal. Id. This Court eventually held that the speedy trial time was validly extended. Id.
In McNulty, the trial court denied a motion to discharge the case for a speedy trial violation. Therefore, the appeal of an order discharging a defendant for a speedy trial violation was never directly at issue in McNulty. Rather, the only issue discussed by the McNulty Court was whether a district court could review a dismissal of a charging information if the case had already been discharged for a speedy trial violation. The McNulty Court held that the discharge on a speedy trial violation would moot the State’s appeal of the dismissal of the charging information. Thus, McNulty only addressed the appeal of the dismissal of the charging information and not the appeal of a discharge (because a discharge never occurred).[1]
Applying the above interpretation of McNulty to the facts of the instant case leads to the following analysis: In the instant case, there were two appeals — the appeal from the trial court’s suppres *885-893 sion/sanction order and the appeal from the discharge. Since the State was unable to obtain an extension of the speedy trial time, under this Court’s holding in McNulty, the district court lost jurisdiction to consider the State’s appeal of the suppression order when the trial court discharged Clarke based upon a speedy trial violation. Nevertheless, the State still has the right to appeal the discharge, and the district court still has jurisdiction to consider the discharge pursuant to rule 9.140(c)(1)(F). Should the district court ultimately conclude that the trial court’s discharge was in error, the State’s appeal of the trial court’s suppression/sanction order will no longer be moot and the district court’s review of that order may proceed.

CONCLUSION

Accordingly, we conclude that the district court should not have dismissed the State’s appeal for lack of jurisdiction. Therefore, we grant the petition and order that the Second District Court of Appeal reinstate the State’s appeal. However, because we trust that the Second District Court of Appeal will fully comply with the dictates of this order, we withhold issuance of the writ.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.,

. Further, even if Clarke's interpretation of McNulty were correct, the rule governing the State’s right to appeal in criminal cases has been amended since the issuance of McNulty to expressly authorize the appeal of a speedy trial discharge. See In re Proposed Florida Appellate Rules, 351 So.2d 981, 983 (Fla. 1977). The rule addressing State appeals in effect at the time this Court considered McNulty did not expressly provide that the State could appeal such a discharge. See Fla. R.App. P. 6.3 (1977). It is well established that the right of the State to appeal in criminal cases is based purely in statute. See State v. Allen, 743 So.2d 532 (Fla. 1st DCA 1997) (citing Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla. 1996)). Nevertheless, in light of the subsequent amendment to the appellate rules, to the extent that McNulty construes the rule of appellate procedure governing the State’s right to appeal in criminal cases, we conclude that the applicability of McNulty to Clarke’s discharge is questionable.