ON MOTION FOR REHEARING
FERGUSON, Judge.
The State appeals an order of the trial court which “forever discharged” the defendant from the crime on a finding that he had been denied the right to a speedy trial as guaranteed by Florida Rule of Criminal Procedure 3.191 and the Florida Constitution.[1]
The question presented is whether the defendant was properly discharged on speedy trial grounds where the State was unprepared to go to trial on the date the trial court received an appellate court order denying the State’s petition for certiorari review of an adverse pre-trial evidentiary ruling. We reverse.
Defendant was taken into custody on January 7, 1983, and charged in a four-count indictment. Trial was set for March 21, 1983, but was continued by joint stipulation of the parties on express terms that the speedy trial period would be tolled until July 11, 1983 — the new trial date.
On July 7, 1983, the trial court entered an order in limine which precluded the State from introducing at trial evidence of similar crimes, but granted the State’s motion for stay of trial so as to permit a certiorari review of that exclusionary ruling. That order, dated August 22, 1983, provided:
ORDERED that the said Motion is GRANTED and the period of time established by Rules 3.191 Fla.R.Crim.P. for trial, is extended from July 7, 1983 until the receipt by this Court of a mandate, order or notice of whatever form, from the District Court of Appeal or Supreme Court, which resolves the issue of whether evidence of other crimes, wrongs, or acts allegedly committed by the defendant will be admissible in the trial of this cause.
We denied the State’s petition for certiorari on August 19, 1983, and denied a motion for rehearing on October 7, 1983. That *947 order became final and was forwarded to the circuit court on October 24, 1983.
On October 17, 1983, defendant appeared before the trial court ostensibly prepared for trial in accordance with the order of August 22, 1983. At that time the State moved for a continuance, alleging that an additional three to four weeks were needed to locate witnesses. The motion was granted. Nonetheless, on November 2, 1983, only sixteen days later, the court granted defendant’s motion for discharge. That order is the subject of this appeal.
The State urges two alternative grounds for reversal. First, it argues that the August 22, 1983 order is invalid as inconsistent with Florida Rule of Criminal Procedure 3.191(g) which gives the State an automatic 90-day period within which to try an accused after the receipt of an appellate mandate. Second, it argues that even if the order is valid insofar as the 90-day period in rule 3.191(g) is inapplicable, the trial court improperly discharged the defendant because the original 180-day period within which the defendant had to be tried under rule 3.191(a) had not yet expired. We accept neither theory, but hold instead that where the State seeks review by certiorari, rather than by direct appeal, and the trial court enters an order tolling the speedy trial period until receipt of the appellate court order without setting a specific time, the defendant must be tried within a reasonable time after the order is received.
Under rule 3.191(a)(1), a person charged with a felony must be tried within 180 days from the day such person is taken into custody. Where review is taken from an appealable order by the State, rule 3.191(g) provides that the defendant must be tried within 90 days from the date of receipt by the trial court of an appellate mandate or order. But because rule 3.191(g) refers specifically to an “appeal,” it is not applicable where the review is sought by way of a writ of certiorari.[2]
In Nelson v. State, 414 So.2d 505 (Fla. 1982), which is instructive to the question presented in this case, the issue was
whether a trial court, after receiving a mandate from a district court directing a new trial in a criminal case, has the authority to extend speedy trial time under Florida Rule of Criminal Procedure 3.191 when the state seeks review in the Supreme Court of the district court’s decision. Id. at 506.
The court looked to rule 3.191(d)(2), entitled “When Time May Be Extended,” and interpreted the term “for appeals by the State” as used in that rule to include all appellate applications made by the State, including petitions for a writ of certiorari. It held that the filing of a petition for certiorari did not automatically entitle the State to an extension of the speedy trial period, but that in the absence of a showing of prejudice to the defendant, a trial court could grant an extension of the speedy trial period as 'an exceptional circumstance under rule 3.191(f). Although a divided Nelson court found that the term “appeals” as used in rule 3.191(d)(2) included all appellate applications, there is no authority or logical requirement for bringing extraordinary reviews within the definition of rule 3.191(g) appeals.
As in Nelson, the State may be granted an extension under rule 3.191(d)(2) only if good grounds for its certiorari petition are demonstrated. We agree with the defendant that the speedy trial period is not automatically tolled where certiorari review is sought, so if the State seeks such a review it must secure an order of the trial court extending the period (or of the appellate court on review of an order denying an extension), or else risk the running of the original 180-day time limitation pending receipt of the appellate mandate. *948 The 180-day speedy trial period also continues to run where a motion for extension of time is denied.
We do not give the trial court’s order the unreasonable construction advanced by defendant — that the date of the receipt of our order was the last date that he could be tried. The trial court’s order failed to set out with specificity the number of days in which the defendant had to be brought to trial, and, as we decide herein, neither is the time period fixed by a rule of procedure. Thus, whether the defendant is entitled to discharge for reason of a denial of speedy trial rights must rest solely on constitutional grounds. See Healey v. State, 389 So.2d 278, 279 (Fla. 3d DCA 1980) (constitutional speedy trial guarantee applies when no specific time period is prescribed by order or rule) (citing State v. Jenkins, 389 So.2d 971 (Fla.1980)).
The better practice in granting an extension under the rules is for the trial court to specify the number of days within which a defendant must be tried after receipt of an appellate order. See State v. Jenkins, 389 So.2d at 975. But where the extension is requested and granted and the number of days is not specified, we are required to read into the order a reasonable period of time as that term is constitutionally defined. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (a claim of denial of a right to a speedy trial is subject to a balancing test, where the conduct of both the defendant and the prosecutor is weighed and several factors, including actual prejudice, are considered).
We have reviewed the entire record, including transcripts of proceedings of October 6, 17, and 28, and find no evidence supportive of the claimed unconstitutional delay. On the facts of this case, the trial court’s initial grant to the State of a three to four week period from receipt of our order in which to locate witnesses and proceed to trial was quite reasonable.
The order of discharge is reversed and the cause remanded for further proceedings.

. This case is before us for a third time on a State petition to review a pre-trial ruling. In Case No. 83-504, reported at 432 So.2d 138 (Fla. 3d DCA), rev. denied, 441 So.2d 631 (FIa.1983), we vacated an order which quashed a subpoena duces tecum. In Case No. 83-1857, the State sought review of an order which prohibited it from introducing fact evidence of similar crimes committed by the defendant. By clerk’s order, we denied certiorari without prejudice to the trial court's reconsideration of the admissibility of the evidence for rebuttal or impeachment purposes. 438 So.2d 845 (Fla. 3d DCA 1983).

. Defendant may not rely on two prior decisions of this court, Clark v. Moore, 447 So.2d 383 (Fla. 3d DCA 1984) and Healey v. State, 389 So.2d 278 (Fla. 3d DCA 1980), as supporting his discharge. Both Clark and Healey involved appeals as of right. The 90-day periods prescribed by rule 0Clark) or order (Healey) had expired at the time discharge was granted. These cases are not controlling.