PER CURIAM.
The state appeals two orders entered below (1) discharging the defendant Victor Dante from the cause based on a speedy trial violation, and (2) dismissing the information filed herein based on prosecutorial bad faith conduct. We affirm the order discharging the defendant Dante on speedy trial grounds thereby rendering the appeal from the order of dismissal moot.
On June 23, 1983, the defendant Dante filed a demand for speedy trial under Fla.R.Crim.P. 3.191(a)(2) on an information filed below charging him with four counts of trafficking in stolen property. On July 21, 1983, the case was called for trial and the court concluded, after hearing argument from both parties, that the cause would be heard non-jury. At the hearing, the state indicated that it would seek review of that determination by filing a petition for a writ of prohibition in this court and requested that the speedy trial period be tolled from that date until this court had passed on the prohibition petition. The court granted the state’s request and entered an order extending the speedy trial time from July 21,1983, until receipt by the trial court of a mandate, order or notice, from this court or the supreme court, in the prohibition proceeding resolving the jury trial issue. At that point, twenty-eight days had run on the defendant Dante’s sixty-day demand for speedy trial; conversely, thirty-two days remained to run on the same demand.
The state thereafter filed a petition for a writ of prohibition in this court and a rule nisi issued. The parties thereafter settled the case, agreeing that the cause should be tried by a jury; the prohibition petition was, by stipulation, dismissed by this court. On August 31, 1983, this court’s order of dismissal was received by the trial court thereby ending the speedy trial tolling period under the trial court’s prior speedy trial extension order. At this point, thirty-two days remained on the defendant’s sixty-day speedy trial demand — which meant that the state had until October 3, 1983 to bring the defendant to trial. The defendant, although continuously available, was not brought to trial by the state within that period, and, consequently, the trial court correctly discharged the defendant from the cause under the speedy trial rule. Fla. R.Crim.P. 3.191(a)(2).
We reject the state’s argument that Fla.R.Crim.P. 3.191(g) is applicable to this case giving the state ninety days from August 31, 1983 — the date our prohibition dismissal order was received in the trial court — to try the defendant upon remand, to wit: November 29, 1983, and thereby necessitating a denial of the motion for discharge. We have held that Fla.R. Crim.P. 3.191(g) is inapplicable to an original petition for a writ of certiorari filed in this court because such a proceeding is not, in the language of the rule, an “appeal.” State v. Barreiro, 460 So.2d 945 (Fla. 3d DCA 1984). We think the same rule obtains to an original petition for a writ of prohibition filed in this court because, plainly, original writ proceedings are not appeals and are therefore not covered by Fla.R.Crim.P. 3.191(g). We also reject the state’s contention that the demand for speedy trial should have been stricken as, on this record, the defendant Dante had *746 diligently investigated his case and was prepared for trial at the time the demand was filed. See Fla.R.Crim.P. 3.191(c).
The order discharging the defendant Dante under the speedy trial rule is affirmed. The appeal from the dismissal order is moot.
Affirmed as stated.