ON PETITION FOR WRIT OF PROHIBITION
PER CURIAM.
Petitioner, who is scheduled for retrial on several felony convictions, seeks a writ of prohibition on the ground that the speedy trial period has expired.
After this court reversed petitioner’s convictions, and remanded for new trial,[1] the state sought review in the supreme court. The state also moved the trial court for an extension of the speedy trial period until disposition of the supreme court proceed *147 ings. The motion was granted by an order stating that
... the Speedy Trial timeJn the above-styled cause is extended until such time as the Supreme Court of Florida denies certiorari jurisdiction or until said Court issues its decision in this case.
The supreme court decision affirming our reversal was issued on April 25, 1985,[2] and petitioner maintains that the extension of the speedy trial time expired on that date.
Petitioner relies on State v. Jenkins, 389 So.2d 971 (Fla.1980), and Nelson v. State, 414 So.2d 505 (Fla.1982). Neither of these cases is controlling. Both were decided under Fla.R.Crim.P. 3.191 as it existed pri- or to the January 1, 1981, amendments. Jenkins involved a delay in the initial trial due to an interlocutory appeal by the state. At that time, Rule 3.191(g) did not provide a 90-day speedy trial extension after disposition of an interlocutory appeal. Therefore, the court held it was necessary for the state to secure further extensions when its appeal resulted in a delay beyond the extension date initially granted by the trial court. In Nelson, the court merely affirmed the trial court’s authority to extend the speedy trial time when the state seeks supreme court review of a district court decision.
We hold that where, as here, the speedy trial period is extended for a period covering the pendency of review by the supreme court, the 90-day extension in the current Rule 3.191(g) becomes effective upon disposition of the cause by that court. Therefore, the state is permitted 90 days from the date of receipt by the trial court of the supreme court’s mandate in which to bring petitioner to trial.
Petition for writ of prohibition denied.
BOOTH, SMITH and WIGGINTON, JJ., concur.

. Wheeler v. State, 425 So.2d 109 (Fla. 1st DCA 1982).

. State v. Wheeler, 468 So.2d 978 (Fla. 1985).