SCHOONOVER, Judge.
Appellant, American Bank of Lakeland, n/k/a Ellis American Bank, appeals an order imposing sanctions because of the conduct of the bank’s attorney at trial. We reverse.
The bank filed this action against appel-lee, Insurance Company of North America (INA), and others to recover on an insurance policy protecting the bank against losses resulting directly from fraudulent or dishonest acts of employees. The first trial resulted in a mistrial after the bank’s attorney violated a trial court ruling prohibiting reference in the presence of the jury to portions of an exhibit that the court had ruled inadmissible. The second trial resulted in the entry of a directed verdict in favor of INA. The trial court subsequently entered an order taxing costs in favor of INA and imposing $2,466.40 in attorney’s fees and travel expenses as sanctions against the bank. The court’s order found that trial counsel’s conduct was not contemptuous but that, whether intentional, flagrant, or merely in neglect of the court’s ruling, it directly resulted in the granting of a mistrial at substantial cost to the parties and to the taxpayers of Polk County, Florida.
We find that the court erred in awarding attorney’s fees and expenses as a sanction for trial counsel’s conduct. Unless accorded as a fine or sanction for indirect contempt of court, attorney’s fees may be awarded only when provided for by agreement, by statute, or when the attorney creates a fund. Gibson v. Troxel, 453 So.2d 1160 (Fla. 4th DCA 1984); Miller v. Colonial Baking Co., 402 So.2d 1365 (Fla. 1st DCA 1981). As the bank’s attorney was not charged with, or found guilty of, contempt, the court erred in imposing sanctions in the form of attorney’s fees and travel expenses. Gibson; Miller. We, accordingly, reverse and remand with instructions that the portion of the order imposing sanctions against the bank in the amount of $2,466.40 be stricken. We affirm the order in all other respects.
Affirmed in part, reversed in part and remanded.
RYDER, C.J., and SCHEB, J., concur.