GRIMES, Acting Chief Judge.
This is an appeal from the denial of a petition seeking to prohibit further prosecution of appellant on the ground that he was denied a speedy trial. Prohibition is a proper remedy for the denial of speedy trial rights. Sherrod v. Frunza, 427 So.2d 161 (Fla.1983).
A chronological summary of the proceedings pertinent to our consideration is set forth below:
March 1,1988 Appellant arrested for driving under the influence of alcoholic beverages and careless driving.
April 28,1988 County court order granting appellant’s motion for continuance and reciting that appellant waived speedy trial during interim period from April 28,1988, until reset date of June 9,1983.
*1246 June 9,1983 Order granting appellant’s motion to suppress blood test results. At conclusion of hearing when the state indicated it was going to appeal, the court stated “Speedy trial extended to 90 days.”
June 24,1983 State filed appeal from order of suppression to circuit court.
April 19,1984 Appellant filed motion for discharge for failure to provide speedy trial.
May 18,1984 County judge denied motion for discharge. (Court construed prior speedy trial extension as referring to 90 days from date of mandate.)
September 20,1984 Circuit court order affirming order of suppression filed in county court.
October 18,1984 State filed petition for certiorari in district court of appeal.
December 31,1984 District court of appeal denied petition for certiorari.
February 7,1985 Appellant filed second motion for discharge for failure to provide a speedy trial.
April 30,1985 County judge denied second motion for speedy trial.
May 31,1985 Appellant filed petition for writ of prohibition in circuit court.
July 31,1985 Circuit court denied appellant’s petition for writ of prohibition.
While appellant also makes other arguments, the issue upon which we focus is whether the state had ninety days from the date of this court’s denial of certiorari within which to bring appellant to trial.
The circuit court gave as the reason for denying prohibition that under Florida Rule of Criminal Procedure 3.191(g), the state had ninety days after the conclusion of all appellate proceedings to bring appellant to trial. Rule 3.191(g) reads as follows: However, the reference to appeals in this subsection does not encompass petitions for extraordinary writs. Wheeler v. Barron, 471 So.2d 146 (Fla. 1st DCA), petition for review dismissed, 476 So.2d 676 (Fla.1985); State v. Dante, 467 So.2d 744 (Fla. 3d DCA), petition for review denied, 479 So.2d 118 (Fla.1985); State v. Barreiro, 460 So.2d 945 (Fla. 3d DCA 1984). In order to toll the speedy trial time pending a petition for certiorari, an order of extension must be obtained from the trial court pursuant to Florida Rule of Criminal Procedure 3.191(d)(2). Nelson v. State, 414 So.2d 505 (Fla.1982).
(g) Effect of Mistrial; Appeal; Order of New Trial. A person who is to be tried again or whose trial has been delayed by an appeal by the State or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time. If a defendant is not brought to trial within the prescribed time periods, the defendant shall be entitled to the appropriate remedy as set forth in section (i) below.
The state in its brief maintains that the trial court’s original extension of the speedy trial time on June 9,1983, constituted an extension throughout the entire appellate process. This argument obtains some support from the court’s observation on May 18, 1984, that appellant’s prior speedy trial extension was intended to continue until ninety days after receipt of the mandate. However, the order of extension was entered at a time when the appeal was still pending. We do not believe that it can be fairly said that this order had the effect of extending the speedy trial time for ninety days after the disposition of any subsequent petition for certiorari which might be filed in the event the state were to lose its appeal.
The considerations pertinent to the extension of speedy trial pending an appeal are considerably different than those pertaining to the filing of a petition for certiorari. The state has the authority to file an appeal as a matter of right, but the decision to grant certiorari rests in the sound discretion of the appellate court. Because of the difference in the standards of review, the state’s chances of success on certiorari are considerably less. After losing its appeal in this case, the state had the right to file a petition for certiorari. However, in order to avoid the resumption of the speedy trial time, it had the obligation to convince the county judge to further extend the time in which appellant had to be tried. Since the state failed to do this, *1247 appellant’s speedy trial time had expired when he filed his second motion for discharge.
We reverse the order denying prohibition and direct that the circuit court enter an order prohibiting further prosecution for the subject crimes.
RYDER and SANDERLIN, JJ., concur.