605 So.2d 988 (1992)
Jude AVRIL and Elcuby Avril, Petitioners,
v.
Frank CIVILMAR, Respondent.
No. 92-1304.
District Court of Appeal of Florida, Fourth District.
October 7, 1992.
Pamela Beckham, Beckham & Beckham, P.A., North Miami Beach, for petitioners.
Howard J. Klein, Rosenwater & Klein, P.A., West Palm Beach, for respondent.
FARMER, Judge.
In this petition for common law certiorari, petitioners seek our review of an order imposing a sanction against them in the form of an attorney's fee and costs for failure to negotiate in good faith during court ordered mediation. We deem the order to be within the very limited class of pretrial orders reviewable by common law certiorari and proceed to explain why we have concluded that it departs from the essential requirements of law and is not fully remediable after final appeal.
After an automobile collision between the parties Civilmar [plaintiff] sued the Avrils [defendants] for damages on November 5, 1991. They were served with initial process one week later. Little over a month after service, plaintiff filed a motion to compel mediation, which the trial court *989 granted by an order on January 2, 1992. The order directed the parties to appear for a mediation conference on January 30th, or little more than 80 days after service of process.
Defendants' attorney and a representative of the insurance carrier appeared at the conference. Citing the underlying facts and circumstances,[1] as well as insufficient time since service of process to take a discovery deposition of plaintiff or do an independent medical examination [IME], they offered $1,000 to settle the case. After consulting with the parties, the mediator reported that defendants steadfastly refused to increase the offer under the circumstances.
Arguing that defendants (and their carrier) appeared in mediation "with unclean hands and not in good faith," plaintiff moved for sanctions, seeking attorney's fees and costs. He contended that "60 days" [sic] is enough time after service of process to engage in discovery and have an IME done. He added that in counsel's six years of practice he has never encountered another case in which the insurer did not take discovery during the two months after suit was commenced. The only possible explanation of defendants' conduct, he asserted, was that they and their insurer had engaged in conduct whose sole purpose was to delay the proceedings.
At first, the trial court granted the motion without hearing from defendants because of a misunderstanding between counsel. Later, however, the court reheard the motion for sanctions and reaffirmed its original decision. The order withheld any determination as to amount and encouraged the parties to attempt to agree on the figure. When they could not do so, the court held a later hearing and entered an order on April 20, 1992, awarding $750 for attorney's fees, $62.50 for the mediation fee, and $225 in expert witness (attorney) fees. The order further provided that "Defendant must tender payment of these amounts ($1,037.50) to Plaintiff or file an appeal on or about May 1, 1992." Seven days after the entry of the order, this petition was filed.
We agree with defendants that the order here is both a departure from the essential requirements of law and cannot be remedied by an appeal from the final judgment in this case. It is clear that the trial court has required defendants to pay the amount set forth in the April 20th order forthwith, unless review in this court was attempted before May 1st. There is no suggestion or hint in the trial court's ruling that its decision is conditioned on the outcome of the case or is otherwise subject to being set aside in the end. The order is absolute, and it is effective now rather than later. There is no showing by anyone that a reversal or any other merits disposition would, ipso facto, vacate the sanctions order. It appears to us that, no matter what might happen later, defendants are obligated now to pay plaintiff the amount of the sanction. Hence we deem it immediately reviewable.
That the order is a departure from the essential requirements of law is also immediately apparent. Plaintiff does not contend that defendants refused to attend or participate in mediation. Rule 1.720(b) allows sanctions only for failing to appear at a duly noticed mediation conference. See Fla.R.Civ.P. 1.720(b). Likewise, rule 1.730(c) allows sanctions only for a breach or failure to perform under a mediation agreement. See Fla.R.Civ.P. 1.730(c). Neither circumstance is present here.
At bottom, plaintiff's only basis for sanctions is merely that defendants were unwilling to make an offer of settlement satisfactory to him. The mediation statutes, however, do not require that parties actually settle cases. Section 44.1011(2), Florida Statutes (1991), explains that mediation:

*990 is an informal and nonadversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement. In mediation, decisionmaking authority rests with the parties.
It is clearly not the intent to force parties to settle cases they want to submit to trial before a jury. There is no requirement that a party even make an offer at mediation, let alone offer what the opposition wants to settle.
Similarly, the period of time between mid-November and the end of January is not so obviously sufficient that a defendant can plausibly be charged with foot dragging in preparing a case. Apart from the obvious fact of the intervening holidays, there are a number of reasons why a defendant should not take a discovery deposition of the plaintiff or arrange for an IME within the first two months after being brought into a case. The time standards for disposition of cases in the trial courts allow up to 18 months for civil jury cases. See Fla.R.Jud.Adm. 2.085(d)(1)(B). Plainly, if plaintiff wanted defendants to be able to evaluate the case in his lights for settlement purposes, the mischief was his rush into mediation before their carrier had completed their reasonably necessary discovery.
Clearly, there was no basis shown by plaintiff for any sanction or punishment connected with the mediation process. We therefore quash the trial court's order allowing sanctions.
CERTIORARI GRANTED; ORDER QUASHED.
LETTS and HERSEY, JJ., concur.
NOTES
[1] Among other facts and circumstances, defendants based their evaluation and offer on the following: available evidence established a liability defense; plaintiff's only injury was soft tissue; the only evidence of plaintiff's injury was an evaluation by a chiropractor who gave plaintiff a disability rating of 5% to the whole body; and defendant's policy limits were but $10,000. Under these circumstances, as defendant's lawyer later explained the offer, the settlement value of the case was no more than $1,000.