ALTENBERND, Judge.
We deny this petition for a writ of common law certiorari or prohibition. The petitioner prevailed in the trial court on her motion to disqualify the trial judge. She is not an aggrieved party entitled to common law or extraordinary relief from the order granting her motion. See North Shore Bank v. Town of Surfside, 72 So.2d 659 (Fla.1954); King v. Brown, 55 So.2d 187 (Fla.1951). Although one of the petitioner’s attorneys may be aggrieved by the order, he has not chosen to challenge the order.
Sandra Spaziano filed a personal injury action against Toni Jean Gleason, Joseph Catallo and Irene Catallo. The case was assigned to Judge Fred L. Bryson. She moved to disqualify the judge on the theory that the judge was prejudiced against her attorneys. She based her motion on events that had recently occurred in another trial. In that trial, the judge had recused himself during voir dire, apparently because of a conflict with one of Ms. Spaziano’s attorneys. The motion and accompanying affidavit did not attach a transcript of the entire voir dire proceeding in the other case, but only included brief excerpts from that case.
The judge decided the motion was facially sufficient and granted it. In the order of recusal, however, the judge also ordered one of Ms. Spaziano's attorneys, Rolando G. Guerra, Jr., to personally pay for and file in the record a full transcript of the proceedings in the earlier case. Although Ms. Spaziano prevailed completely on this motion, she alone filed this proceeding.
Obviously, the real controversy in this case involves a disagreement between Ms. Spaziano’s attorneys and the trial court. The trial judge concluded that the motion to disqualify was legally sufficient for purposes of Florida Rule of Civil Procedure 1.432 because of the law firm’s supporting affidavit. However, he also believed that *737 the severely edited transcript of the earlier trial attached to the motion was taken out of context and was misleading. He decided the “ends of justice require[d] that a full transcript of the [prior] proceedings” be placed in this record. He ordered the attorney who had conducted the earlier voir dire, not Ms. Spaziano, to pay for and file the transcript.
Ms. Spaziano argues that the trial judge had no power at the time of his recusal to compel her attorney to file this transcript. The Attorney General, arguing on behalf of the judge, maintains that a trial judge has inherent authority to regulate attorney conduct in this manner. Although it is not entirely obvious to this court that the transcript was essential for the ends of justice or that its filing was imposed as a sanction for misconduct, Mr. Guerra, the affected party, does not contest the order. We will not reach this issue on a petition filed by a party who is not aggrieved.
Petition for writ of certiorari denied.
SCHOONOVER, A.C.J., and HALL, J., concur.