PER CURIAM.
This is another petition for writ of certiora-ri or prohibition in a series of cases involving disqualification of a judge.[1] In Spaziano v. Gleason, 618 So.2d 736 (Fla. 2d DCA 1992), we denied the writ because the attorney filed it on behalf of his client rather than himself. In this petition, however, the attorney contests the order of recusal which imposes what might appear to be a sanction against him. We have jurisdiction[2] and deny certio-rari relief.
In this lawsuit, as in Spaziano, attorney Rolando G. Guerra filed a motion for disqualification on behalf of his client. The motion was based on the admitted animosity that had developed between the judge and attorney Guerra during the trial of Glover v. Samon. Attached to the motion were three pages of the transcript from the Glover trial. Based on the legal sufficiency of the motion, the judge recused himself as he had done in Spaziano.
The order of recusal requires attorney Guerra to pay for and file the entire transcript of the Glover trial in this proceeding, as the comparable order had required in Spaziano. *74 The order does not describe this requirement as a sanction, and states that it is done “so that all interested persons might view in complete and fair context the totality of the proceedings.” At the time the judge entered the order under review, attorney Guerra had not obeyed the order in Spaziano.[3]
Guerra argues that the condition in this case, requiring him to pay the cost for the transcript, is nothing more than a sanction for filing a legally sufficient motion for recusal. A judge may impose costs as a sanction for civil or criminal contempt. See Lamb v. Fowler, 574 So.2d 262 (Fla. 1st DCA 1991); American Bank of Lakeland v. Hooven, 471 So.2d 657 (Fla. 2d DCA 1985). Costs may also be imposed as a type of sanction when authorized by statute or court rule. See, e.g., Fla.R.Civ.P. 1.380, 1.720, 1.730; Fla.R.App.P. 9.140; § 768.79, Fla. Stat. (1991). In this case, however, the judge did not hold attorney Guerra in contempt or otherwise attempt to justify the unnecessary cost as a sanction.
Florida Rules of Judicial Administration 2.160 does not specifically permit a trial judge to condition the grant of a legally sufficient motion for recusal upon the filing of additional documentation. Nevertheless, we are not prepared to hold that such a condition would never be appropriate. At least in these particular circumstances, attorney Guerra cannot complain of any irreparable harm justifying the exercise of our certio-rari jurisdiction, because he has not filed the transcript in Spaziano.
Had the transcript been filed as initially ordered in Spaziano, we would have been persuaded by Guerra’s argument that the required filing constituted a sanction. The transcript, however, has never been made a matter of public record by its filing in Spazi-ano. Given the facts at hand, we cannot say that the judge departed from the essential requirements of law in again requiring the filing of the transcript.
Petition for writ of certiorari denied.
DANAHY, A.C.J., and ALTENBERND and BLUE, JJ., concur.

. The first writ was decided in Spaziano v. Gleason, 618 So.2d 736 (Fla. 2d DCA 1992). Three additional writs are now pending in this court: Godfirnon v. State Farm Mutual Automobile Ins. Co., no. 93-01709; Charbono v. Jones, no. 93-01764; and Fisher v. Allstate Insurance Co., no. 93-02274.

. Certiorari may be an appropriate vehicle to review certain nonfinal orders imposing sanctions. See Avril v. Civilmar, 605 So.2d 988 (Fla. 4th DCA 1992).

. He had not filed the transcript despite the fact that the Spaziano writ had been denied prior to the entry of the -order under review in this case. Qur record does not establish that attorney Guerra has complied with any of the orders. Attorney Guerra did not obtain a stay of any order, and the mere filing of a petition for writ of certiorari or prohibition does not stay the lower court proceedings.