754 So.2d 146 (2000)
W. Jack MASSEY, Appellant,
v.
Ann D. BEAGLE and James R. Beagle, Appellees.
No. 1D98-4691.
District Court of Appeal of Florida, First District.
March 23, 2000.
Jennifer Cates Lester, Gainesville, for Appellant.
Brent G. Siegel of Brent G. Siegel, P.A., Gainesville, for Appellees.
BROWNING, J.
Jack Massey (Appellant) appeals the trial court's judgment against him, individually, imposed as a sanction for violation of a mediation process, and the trial court's failure to impose sanctions against Ann and Jack Beagle (Appellees) for revealing confidential communications made during a mediation conference. Appellant argues that, because he was not a party in the case below, he was not subject to sanctions and, because Appellees revealed confidential mediation communications, the trial court erred by failing to sanction Appellees. We agree that the imposition of sanctions against Appellant was error, and reverse the judgment against Appellant. We affirm the trial court's failure to impose *147 sanctions against Appellees without comment.
This case arises out of a motor vehicle accident between the Defendant, Fred Rust (Rust), and Appellees. Appellees sued Rust for injuries arising out of the accident. While the suit was pending, the trial judge ordered the parties to mediation. Appellant appeared on behalf of Rust and Rust's insurance carrier as an independent adjuster under contract. Rust and the insurance carrier were also represented at the mediation conference by counsel. The parties mediated for approximately six hours but were unable to reach a settlement. Settlement negotiations impassed when Appellant informed Appellees' counsel that he did not have the authority to settle the case by a lump-sum cash amount, but could structure payments over a period of time. Appellees filed an emergency motion for sanctions against Rust and Appellant, which detailed confidential mediation communications. In turn, Appellant filed a motion for sanctions against Appellees for revealing privileged communications made during mediation.
A hearing on the requested sanctions was conducted, during which the trial court noted that "Mr. Massey, of course, is not a party." During the hearing, Appellant testified that he was not authorized to settle the case up to the amount of Appellees' lowest demand for settlement of $295,000.00, made previous to the mediation conference, unless the total settlement could be paid by monthly payments of $10,000.00. The trial court found Appellant attended the mediation without the required authority to settle and entered a judgment of $2,248.17 against him, as a sanction under Rule 1.720(b), Florida Rules of Civil Procedure. The court denied Appellant's motion for sanctions against Appellees.
Pursuant to the Florida Rules of Civil Procedure, sanctions are applicable in mediation only where a party fails to appear for mediation, or a party fails to perform under the terms of a mediation agreement. Fla. R. Civ. P. 1.720(b) & 1.730(c). (emphasis added). See also Avril v. Civilmar, 605 So.2d 988, 989 (Fla. 4th DCA 1992).
In the case at bar, Appellant is not a party as defined by the Florida Rule of Civil Procedure 1.210. Furthermore, Administrative Order No. 3.1241, which governs mediation in the Eighth Judicial Circuit, defines a party as:
[III.B.] 5. Party Defined. For purposes of this order and its implementation, the term "party" shall include any insurance company or any other entity or person which may have a legal obligation to pay or claim any damages sought in the litigation and mediation.
It is clear that Appellant, as an independent adjuster, does not have an obligation to pay or claim damages in the litigation and mediation, and therefore, cannot be a "party." Additionally, as previously noted, during the hearing on sanctions the trial court expressly acknowledged Appellant was not a party.
Because Appellant is not a party, the trial court erred by imposing sanctions against Appellant. Accordingly, we reverse the trial court's monetary judgment against Appellant, individually.
REVERSED in part and AFFIRMED in part.
BENTON and VAN NORTWICK, JJ., CONCUR.