834 So.2d 398 (2003)
STATE of Florida, Appellant,
v.
Gerald E. CLARKE, Appellee.
No. 2D00-23.
District Court of Appeal of Florida, Second District.
January 17, 2003.
Charlie Crist, Attorney General, Tallahassee, and Richard Fishkind, Assistant Attorney General, Tampa, for Appellant.
Joseph T. Hobson, of McFarland, Gould, Lyons & Sullivan, Clearwater, for Appellee.
DAVIS, Judge.
The State of Florida appeals the trial court's order discharging Gerald E. Clarke *399 from DUI manslaughter charges based on a violation of his speedy trial rights.
On January 26, 1998, Clarke was charged with DUI manslaughter for causing the death of Nicholas Aristizabal on November 9, 1997. After the trial court excluded evidence of the legal blood draw,[1] the State sought to present the results of the medical blood draw by submitting Clarke's medical records from the hospital. Clarke objected, and the trial court ruled that the medical blood draw results would be excluded unless the State could satisfy the predicates described in Robertson v. State, 604 So.2d 783 (Fla.1992), and State v. Bender, 382 So.2d 697 (Fla.1980).[2] In reaching this decision, the trial court relied on this court's decision in Michie v. State, 632 So.2d 1106 (Fla. 2d DCA 1994).
After receiving this court's decision affirming the exclusion of the results of the legal blood draw on October 25, 1999, Clarke filed his demand for speedy trial. Although the State timely obtained the medical records, it had difficulty in determining the witnesses who would be needed to establish the Robertson/Bender predicate as required by the trial court's ruling. On the morning of trial, December 14, 1999, Clarke objected to certain witnesses and documents, alleging that the State had failed to timely comply with the rules of discovery. The trial court held a Richardson[3] hearing and found that since the State had not attempted to find these witnesses while the legal blood issue was on appeal, the failure to timely disclose witnesses' names and documents was a substantial discovery violation resulting in prejudice to Clarke. Accordingly, the trial court excluded the documents and one of the State's essential witnesses.
As a result of these rulings, the first requiring the State to establish the predicate and the second excluding essential evidence, the State advised that it could not proceed to trial and moved to extend speedy trial to allow appellate certiorari review of the trial court's decisions.[4] Clarke objected, and the trial court denied the request for an extension. When Clarke's speedy trial time period expired, he moved for discharge. The trial court granted his motion, and the State appealed.
When the State requests an extension of speedy trial for the purpose of pursuing an interlocutory appeal of a trial court's ruling, "a trial court must grant this extension for the period necessary to complete the appellate proceedings, unless it makes a factual determination that the appeal is being taken for the purpose of delay, upon grounds which are frivolous and not fairly debatable." State v. Barnett, *400 366 So.2d 411, 416 (Fla.1978). Additionally, the Florida Supreme Court has ruled that the language "for appeals by the state" contained in Florida Rule of Criminal Procedure 3.191(I)(4) includes "all appellate applications made by the state." Nelson v. State, 414 So.2d 505 at 508 (Fla. 1982).[5] Thus, the mandate of Barnett applies to petitions seeking certiorari review as well as to interlocutory appeals.[6]
Our decision then turns on whether the record here reflects that the trial judge made a factual finding that the petition was filed for the purpose of delay and was frivolous and not fairly debatable. Although the trial court did not make these specific findings, it is clear from the record that the trial judge was frustrated with the State's lack of diligence in determining the proper witness needed to present its case. However, the record does not suggest that he reached the conclusion that the petition was filed in bad faith. Accordingly, we must reverse for it was error for the trial court to deny the request for an extension of speedy trial while the petition was being considered in the appellate court.[7]
Reversed and remanded for further proceedings consistent with this opinion.
WHATLEY and KELLY, JJ., Concur.
NOTES
[1] The trial court found that the officer did not have probable cause to order the blood draw. This court affirmed that decision. See State v. Clarke, 744 So.2d 1003 (Fla. 2d DCA 1999). The appeal process took approximately one year.
[2] Robertson held that evidence of blood-alcohol test results produced by an unlicensed expert may be admitted into evidence if the blood was drawn by a person authorized to do so by section 316.1933, Florida Statutes (1987), and if the State establishes the predicate spelled out in Bender. Robertson, 604 So.2d at 791. The Bender predicate consists of three prongs: "(1) the test was reliable, (2) the test was performed by a qualified operator with the proper equipment, and (3) expert testimony was presented concerning the meaning of the test." Bender, 382 So.2d at 699.
[3] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[4] The State petitioned for writ of certiorari to review both the December 13, 1999, order, which excluded the medical blood results unless the Robertson/Bender predicate was established, and the order of December 14, 1999, finding the Richardson violation.
[5] Nelson refers to rule 3.191(d)(2) which is the same paragraph as 3.191(i)(4) prior to the rewriting and renumbering of the rule in 1980.
[6] It is noted that this court has previously determined that "an appeal by the State" as used in rule 3.191(m) does not include extraordinary writs. See Hochstrasser v. Demers, 491 So.2d 1245 (Fla. 2d DCA 1986).
[7] This court has previously dismissed the State's petition for writ of certiorari as moot due to the trial court's granting of the discharge. With this reversal of the order of discharge and remand for further proceedings, the State is once again in the posture of proceeding with the prosecution. If the State desires to challenge the trial court's prior rulings regarding the necessity of establishing the Robertson/Bender predicate and the exclusion of the witness and documents, the State should file its motion with the trial court and, only after obtaining ruling, petition this court for certiorari review, if necessary.