DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DONALD BUHLER,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D17-3324

[May 16, 2018]

Petition for writ of prohibition to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 502016CF007497A.

Scott Berry of Scott Berry Law, P.A., West Palm Beach, for petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for respondent.

GERBER, C.J.

The defendant petitions for a writ of prohibition, following the circuit court's order denying the defendant's motion for discharge based on an alleged violation of the speedy trial rule, Florida Rule of Criminal Procedure 3.191. The circuit court reasoned that, following this court's disposition of the state's certiorari challenge to a pretrial evidentiary order, the circuit court had ninety days to bring the defendant to trial under rules 3.191(i)(4) and (m). The defendant argues that the court's ruling to extend speedy trial for ninety days following this court's disposition was erroneous because rule 3.191(m) did not apply. Case law from our supreme court, this court, and our sister courts have rejected such an argument. Therefore, we deny the defendant's petition.

## _Procedural History_

On April 26, 2017, the defendant filed and served a demand for speedy trial pursuant to rule 3.191(b) ("(1) Except as otherwise provided by this rule, . . . every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the

court a separate pleading entitled 'Demand for Speedy Trial,' and serving a copy on the prosecuting authority. . . . (4) If the defendant has not been brought to trial within 50 days of the filing of the demand, the defendant shall have the right to the appropriate remedy as set forth in subdivision (p).").  Rule 3.191(b) would have required trial by June 15, 2017, not including the recapture period specified in rule 3.191(p)(3).  The court set the defendant's case for trial on June 5, 2017.

On June 2, 2017, the circuit court entered an order sustaining the defendant's objection to the state's notice of intent to offer evidence under section 90.404(2), Florida Statutes (2016).

On June 5, 2017, the day set for trial, the state filed its "Motion to Stay Trial Proceedings, Extend Speedy Trial Limits and Continue the Case Pending Final Disposition of the Petition for Writ of Certiorari."  In the motion, the state notified the court that the state would be filing a certiorari petition seeking this court's review of the circuit court's June 2 evidentiary order.  The state argued it was entitled to an extension of the speedy trial limits under rules 3.191(i)(4) and (m).  Rule 3.191(i)(4) provides:

> (i) When Time May Be Extended. The periods of time established by this rule may be extended, provided the period of time sought to be extended has not expired at the time the extension was procured.  An extension may be procured by:
>
> . . .
>
> (4) written or recorded order of the court for a period of *reasonable and necessary delay resulting from proceedings including but not limited to* an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pretrial motions, for *appeals by the state,* for DNA testing ordered on the defendant's behalf upon defendant's motion . . . and for trial of other pending criminal charges against the accused . . . .

(emphasis added).  Further, rule 3.191(m) provides:

> (m) Effect of Mistrial; Appeal; Order of New Trial.  A person who is to be tried again or whose trial has been delayed by *an appeal by the state* or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a

new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from a reviewing court that makes possible a new trial for the defendant, whichever is last in time. If a defendant is not brought to trial within the prescribed time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p).

(emphasis added).

On June 5, 2017, still the day set for trial, the court entered the following order:

> ORDERED AND ADJUDGED the State's Motion is GRANTED pending final disposition of the Petition for Writ of Certiorari in the appellate court, and pursuant to Fla. R. Crim. P. 3.191(i)(4), Fla. R. Crim. P. 3.191, . . . this Court's Order hereby tolls the speedy trial period pending a final ruling by the appellate court. The Court further orders that the Defendant be brought to trial within 90 days of the receipt of the mandate, order, or notice from the appellate court, pursuant to Fla. R. Crim. P. 3.191(m).

On September 25, 2017, this court denied the state's certiorari petition.

On October 10, 2017, the defendant filed and served his "Notice of Expiration of Speedy Trial Time" under rule 3.191(p)(2) ("At any time after the expiration of the prescribed time period, the defendant may file a separate pleading entitled 'Notice of Expiration of Speedy Trial Time,' and serve a copy on the prosecuting authority.").

On October 11, 2017, the circuit court entered an order striking the defendant's notice of expiration. The circuit court reasoned that it correctly applied rule 3.191(m) in its June 5 order.

On October 30, 2017, the defendant filed his motion for discharge. The defendant's motion argued that the circuit court erroneously applied rule 3.191(m). According to the defendant, the phrase "appeal by the state," as used in rule 3.191(m), does not include petitions for extraordinary writs.

On October 30, 2017, the circuit court denied the defendant's motion for discharge without comment.

3

The defendant's instant petition for writ of prohibition followed.

## *Our Review*

The defendant argues that the circuit court erroneously denied his motion for discharge based on the circuit court's alleged earlier misapplication of rule 3.191(m). According to the defendant, the phrase "appeal by the state," as used in rule 3.191(m), does not include petitions for extraordinary writs.

The state's response recognizes that rule 3.191(m)'s plain language uses the phrase "appeal by the state." However, the state argues that case law from our supreme court, this court, and our sister courts, have held that the phrase "appeal by the state" includes petitions for extraordinary writs, and that the ninety-day speedy trial extension provided in rule 3.191(m) applies whenever a trial has been delayed by an appeal, including petitions for extraordinary writs.

We agree with the state's argument. We will address the precedent from our supreme court, this court, and our sister courts, in turn.

In *Nelson v. State*, 414 So. 2d 505 (Fla. 1982), our supreme court held that a trial court, after receiving a mandate from a district court, has the authority to extend speedy trial time under rule 3.191 when the state seeks certiorari review in the supreme court of the district court's decision. *Id.* at 506-07. In reaching its holding, our supreme court interpreted the phrase "appeals by the State," under rule 3.191, "to include all appellate applications made by the state," and found that "such an application may constitute an 'exceptional circumstance'" under rule 3.191, "depending on the facts and legal issues involved in a particular case." *Id.* at 508. In *State v. Rohm*, 645 So. 2d 968 (Fla. 1994), our supreme court later held that "the 90-day speedy trial period provided in Florida Rule of Criminal Procedure 3.191(m) applies whenever a trial has been delayed by appeal." *Id.* at 968.

Our supreme court's precedent has guided this court's precedent. In *Frazier v. State*, 761 So. 2d 337 (Fla. 4th DCA 1999), after the trial court extended the speedy trial time pending the outcome of the state's certiorari petition in the United States Supreme Court, the trial court denied the defendant's motion for discharge. *Id.* at 339. We affirmed. *Id.* at 340. After acknowledging our supreme court's holding in *Nelson* that the phrase "appeals by the state" in rule 3.191 includes "all appellate applications made by the state," including certiorari petitions, we concluded that the state was entitled under rule 3.191(m) to ninety days from the date of the

trial court's receipt of the Supreme Court's mandate in which to bring the defendant to trial.  *Id.* at 339-40.

Our supreme court's precedent also has been followed by our sister courts.  In *State v. Clarke*, 834 So. 2d 398 (Fla. 2d DCA 2003), the state, after receiving an adverse evidentiary decision on the morning of trial, moved to extend speedy trial to seek certiorari review in the appellate court.  *Id.* at 399.  The trial court denied the state's extension request.  *Id.* When the defendant's speedy trial time period expired, the trial court granted the defendant's motion for discharge, and the state appealed.  *Id.* Our sister court reversed, reasoning:

> When the State requests an extension of speedy trial for the purpose of pursuing an interlocutory appeal of a trial court's ruling, "a trial court must grant this extension for the period necessary to complete the appellate proceedings, unless it makes a factual determination that the appeal is being taken for the purpose of delay, upon grounds which are frivolous and not fairly debatable."  *State v. Barnett,* 366 So. 2d 411, 416 (Fla. 1978).  Additionally, the Florida Supreme Court has ruled that the language "for appeals by the state" contained in Florida Rule of Criminal Procedure 3.191(i)(4) includes "all appellate applications made by the state."  *Nelson v. State,* 414 So. 2d 505[,] 508 (Fla. 1982).  Thus, the mandate of *Barnett* applies to petitions seeking certiorari review as well as to interlocutory appeals.

834 So. 2d at 399-400 (footnote omitted); *see also Wheeler v. Barron*, 471 So. 2d 146, 147 (Fla. 1st DCA 1985) ("We hold that where, as here, the speedy trial period is extended for a period covering the pendency of review by the supreme court, the 90-day extension in [rule 3.191] becomes effective upon disposition of the cause by that court.  Therefore, the state is permitted 90 days from the date of receipt by the trial court of the supreme court's mandate in which to bring petitioner to trial.").

The defendant's reliance on a Third District case, *State v. Barreiro*, 460 So. 2d 945 (Fla. 3d DCA 1984), is misplaced.  In *Barreiro,* our sister court held that because rule 3.191 "refers specifically to an 'appeal,' it is not applicable where the review is sought by way of a writ of certiorari."  *Id.* at 947.  Our sister court reached this holding even though it acknowledged our supreme court's holding in *Nelson* that the phrase "appeals" as used in rule 3.191 included all appellate applications.  *Id.*  Our sister court apparently chose to disregard *Nelson,* stating "there is no authority or logical requirement for bringing extraordinary reviews within the definition

of [rule 3.191] appeals." *Id.* While we appreciate the *Barreiro* court's reasoning, we must disagree with its choice to disregard *Nelson.* In any event, our sister court may have had a change of mind on this issue. In the more recently issued *Johnson v. State*, 984 So. 2d 609 (Fla. 3d DCA 2008), the Third District issued a PCA citing the Second District's *Clarke* decision, which we cite above.

### *Conclusion*

Based on the foregoing, we conclude that the circuit court correctly denied the defendant's motion for discharge. Following this court's disposition of the state's certiorari challenge to the pretrial evidentiary order, the circuit court correctly ruled that it had ninety days to bring the defendant to trial under rules 3.191(i)(4) and (m). Therefore, we deny the defendant's petition for writ of prohibition.

*Petition denied.*

GROSS and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6