# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1702
Lower Tribunal Nos. AH7AWXE, AH7AXME, AH7AX0E, AH7DXRE,
AH7AWYE, AH7DXPE, AH7CXJE

_____

**Melissa Patino,**
Petitioner,

vs.

**The State of Florida,**
Respondent.


A Case of Original Jurisdiction – Prohibition.

Luke Newman, P.A., and Luke Newman (Tallahassee), for petitioner.

Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant
Attorney General, for respondent.


Before EMAS, LINDSEY and GORDO, JJ.

EMAS, J.

## ON STATE'S MOTION FOR CLARIFICATION[1]

We grant the State's motion for clarification, withdraw the previous opinion, and issue the following in its place.

## INTRODUCTION

In this petition for writ of prohibition, we are called upon to determine whether Florida Rule of Criminal Procedure 3.191(m)—which provides for a 90-day speedy trial period where the defendant's "trial has been delayed by an appeal by the state or the defendant"—applies when a defendant facing criminal charges files a petition for writ of prohibition with the appellate court. We hold that even if Patino's prior petition for writ of prohibition (in 3D23-1017) could be considered an "appeal" for purposes of rule 3.191(m), the 90-day speedy trial period provided by that rule is nevertheless inapplicable

---

[1] Following issuance of our opinion on February 28, 2024, the State moved for clarification, pointing out that the opinion incorrectly referenced a 15-day recapture period under Florida Rule of Criminal Procedure 3.191(p)(3). The State is correct that, during the COVID-19 pandemic, the Florida Supreme Court increased the length of the recapture period from 15 days to 30 days, see In re COVID-19 Health and Safety Protocols and Emergency Operational Measures for Florida Appellate and Trial Courts, Fla. Admin. Order AOSC21-17, Amend. 1, at 25-26 (July 29, 2021), and that 30-day recapture period remained in effect during the relevant time periods in the instant case. See In re COVID-19 Administrative Orders, Fla. Admin. Order No. AOSC23-25, at 2-3 (April 27, 2023). The State also acknowledged that this correction does not affect the analysis or result of this opinion. Nevertheless, in the interest of accuracy, we withdraw our previous opinion and issue this corrected opinion in its place.

because Patino's trial was **not** "delayed" by that appeal. We therefore grant the instant petition, vacate the order denying Patino's motion for final discharge and remand with directions to grant final discharge of Patino from the misdemeanor traffic offenses.

## FACTUAL BACKGROUND

Melissa Patino was arrested on January 15, 2023, for the felony offense of leaving the scene of an accident with injuries, as well as three misdemeanor offenses: one charge of driving under the influence, and two counts of driving under the influence causing property damage. On her felony arraignment date in circuit court (February 17, 2023) the State announced it was taking "no action," declining to file formal charges for the felony offense, leaving the three misdemeanor offenses to proceed in county court.

Relevant for our purposes, on April 18, 2023, Patino filed in county court a Motion for Final Discharge pursuant to Florida Rule of Criminal Procedure 3.191, contending that: 1) ninety-one days had elapsed since she had been taken into custody; 2) the State had filed no formal charging document for the two misdemeanor offenses; 3) the speedy-trial period expired; 4) the State was not entitled to the 30-day recapture period; and 5)

Patino was not required to file a notice of expiration before seeking final discharge because no formal charging document had been filed.[2]

The trial court denied the motion for discharge, finding that Patino had in fact been formally charged, by uniform traffic citation,[3] with the criminal

---

[2] Under Florida Rule of Criminal Procedure 3.191(p), a defendant charged with a misdemeanor must be brought to trial within 90 days (within 175 days for a felony) of being taken into custody. If not brought to trial within that time, a defendant may not seek final discharge unless she first files a Notice of Expiration of Speedy Trial Time, triggering a recapture period within which the court must bring the defendant to trial. If the defendant is not brought to trial within that time (through no fault of the defendant) the defendant is entitled to be "forever discharged from the crime." See Fla. R. Crim. P. 3.191(p)(3).

However, if the State fails to file formal charges against the defendant within the 90-day (or, for a felony, 175-day) period, the defendant can seek final discharge without first filing the Notice of Expiration, which ordinarily would trigger the recapture period within which to bring the defendant to trial. See State v. Williams, 791 So. 2d 1088 (Fla. 2001). Here, however, because Patino had been formally charged with the misdemeanor offenses, see infra note 3 and accompanying text, she was not entitled to seek final discharge without first filing a Notice of Expiration of Speedy Trial Time as required by rule 3.191(p)(2). The trial court correctly denied Patino's motion for discharge.

Though the history of this case is provided for context, we note that the Florida Supreme Court has recently proposed amendments to rule 3.191(a) (Speedy Trial without Demand), which if adopted would, among other changes, 1) increase the length of the recapture period from 15 days to 30 days; and 2) require a defendant to file a notice of expiration of speedy trial time (and would provide the State with the benefit of the recapture period) even if no formal charge has been filed. See In Re: Amends. to Fla. R. Crim. P. 3.191, SC2022-1123.

[3] Florida Rule of Traffic Court 6.165(a) provides:

traffic offenses, and thus, Patino was required to file a "Notice of Expiration of Speedy Trial Time" as required by the rule 3.191(p), which would trigger the recapture period within which to bring Patino to trial. Only after the filing of that notice—and the expiration of the recapture period—would Patino have been entitled to seek final discharge.

On June 6, 2023, Patino filed her first petition for writ of prohibition with this court, seeking review of the trial court's order denying Patino's motion for final discharge. On June 8, we ordered the State to file a response, but this court did not issue a show cause order or otherwise stay the proceedings in the trial court. On June 16, the State filed its response to Patino's petition and, one week later, Patino filed her reply to the State's response. On July 7, 2023 (thirty-one days after the petition was filed), this court issued an order denying Patino's petition for writ of prohibition. That order read in pertinent

**Uniform Traffic Citation**. All prosecutions for criminal traffic offenses by law enforcement officers shall be by uniform traffic citation as provided for in section 316.650, Florida Statutes, or other applicable statutes, or by affidavit, information, or indictment as provided for in the Florida Rules of Criminal Procedure. If prosecution is by affidavit, information, or indictment, a uniform traffic citation shall be prepared by the arresting officer at the direction of the prosecutor or, in the absence of the arresting officer, by the prosecutor and submitted to the department.

5

part: "Petitioner was charged by citation/arrest form with misdemeanor crimes. Petitioner never filed a notice of expiration that could have triggered discharge under Florida Rule of Criminal Procedure 3.191(a)." Importantly, it is undisputed that the trial court proceedings were neither stayed nor delayed as a result of, or during the pendency of, Patino's petition.

Following this court's order denying Patino's petition, further proceedings were held in the trial court and, on August 4, 2023, Patino filed a Notice of Expiration of Speedy Trial Time pursuant to rule 3.191(p). The filing of a valid notice of expiration triggers the recapture period within which the trial court is required to bring the defendant to trial. At a subsequent hearing held on the notice of expiration, the trial court granted a State-charged continuance; however, no trial date was set. When Patino was not brought to trial within the recapture period, she filed a motion for final discharge (as well as an amended and renewed motion for final discharge).

The trial court denied the motions for final discharge, finding that Patino's prior petition for writ of prohibition (filed with this court following the denial of the first motion for discharge) constituted an "appeal" under rule 3.191(m), thereby triggering a new 90-day speedy trial period following this court's issuance of its order denying Patino's petition. The trial court determined that because the new 90-day speedy trial period had not yet

6

expired, Patino was not entitled to final discharge. The trial court calculated that that new 90-day speedy trial period would expire on September 4, denied the motion for final discharge and set the case for trial thereafter.

Patino filed this second petition for writ of prohibition, asserting that the trial court erred in denying her motion for discharge because rule 3.191(m)—which provides for a new 90-day speedy trial period within which to bring a defendant to trial when that defendant's "trial has been delayed by an appeal by the state or the defendant"—is inapplicable to the prior petition for writ of prohibition because such a petition is not an "appeal." In the alternative, Patino contends that, even if the petition is an "appeal" within the meaning of rule 3.191(m), the 90-day speedy trial period remains inapplicable because the petition proceeding did not cause any delay in her trial.

## ANALYSIS AND DISCUSSION

Rule 3.191(m) provides in pertinent part:

**Effect of Mistrial; Appeal; Order of New Trial.** A person who is to be tried again **or whose trial has been delayed by an appeal by the state or the defendant shall be brought to trial within 90 days from the date of** declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of **receipt by the trial court of a mandate, order, or notice of whatever form from a reviewing court** that makes possible a new trial for the defendant, whichever is last in time. If a defendant is not brought to trial

7

within the prescribed time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p).

(Emphasis added).

The primary question raised below was whether a petition for writ of prohibition filed by a defendant constituted an "appeal" for purposes of rule 3.191(m), thereby triggering commencement of a 90-day speedy trial period once the trial court received a mandate, order, or notice of whatever form from a reviewing court. However, this matter is more readily resolved by addressing the alternative argument posed by Patino: even if it could be said that a petition for writ of prohibition filed by a defendant constitutes an "appeal" under rule 3.191(m), the plain and unambiguous language of the rule provides that the 90-day speedy trial period is not triggered unless the defendant's "**trial has been delayed** by an appeal by the state or the defendant." Id. We reject the position, advanced by the State at oral argument, that we treat these words as mere surplusage. A fundamental canon of statutory construction is that courts must endeavor to give meaning to each word and phrase contained in a statute or rule, and "courts should avoid readings that would render part of a statute meaningless." Unruh v. State, 669 So. 2d 242, 245 (Fla. 1996) (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So. 2d 452, 456 (Fla.1992)); United States

v. Butler, 297 U.S. 1, 65 (1936) ("These words cannot be meaningless, else they would not have been used."). See also Barco v. School Bd. of Pinellas Cnty., 975 So. 2d 1116, 1121 (Fla. 2008) (we apply the same canons of construction to court rules as those applied to statutes); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 174 (West 2012) ("Surplusage Canon: If possible, every word and every provision is to be given effect (*verba cum effectu sunt accipienda*). None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.")

Further, the Florida Supreme Court has emphasized that rule 3.191(m) applies by its terms to an appeal **that causes delay** in the trial. See, e.g., State v. Rohm, 645 So. 2d 968, 968 (Fla. 1994) ("We hold that the 90-day speedy trial period provided in Florida Rule of Criminal Procedure 3.191(m) applies whenever a trial ***has been delayed by appeal***.") (emphasis added).

We thus turn back to the specific provision in rule 3.191(m):

> ***A person who is to be tried again or whose trial has been delayed by an appeal by the state or the defendant shall be brought to trial within 90 days*** from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from a reviewing court . . . .

(Emphasis added).

Even if reasonable minds can differ on the proper meaning of "appeal," the same cannot be said on the proper meaning of "whose trial has been delayed." Applying the ordinary meaning to this plain and unambiguous phrase, we conclude that the 90-day speedy trial period under rule 3.191(m) was not triggered in the instant case because even if the earlier petition for writ of prohibition was an "appeal," it is undisputed that Patino's "trial has [not] been delayed by" that appeal.[4]

---

[4] Patino contends that this court previously held that an original proceeding, such as prohibition or certiorari, is not an "appeal" for purposes of rule 3.191 and therefore the 90-day speedy trial period would not be triggered upon conclusion of such an appellate proceeding. See, e.g., State v. Barreiro, 460 So. 2d 945, 947 (Fla. 3d DCA 1984) (certiorari review sought by State; observing that "there is no authority or logical requirement for bringing extraordinary reviews within the definition of. . . appeals" for purposes of rule 3.191(m)); State v. Dante, 467 So. 2d 744, 745 (Fla. 3d DCA 1985) (following Barreiro and holding that the 90-day speedy trial period provided under rule 3.191(m) "is inapplicable to an original petition for a writ of certiorari filed in this court because such a proceeding is not, in the language of the rule, an 'appeal'"). See also Hochstrasser v. Demers, 491 So. 2d 1245, 1246 (Fla. 2d DCA 1986) (citing Barreiro and Dante, and holding that "appeal" as used in rule 3.191(m) "does not encompass petitions for extraordinary writs.")

More recent opinions by the Fourth District have called our decisions into question. See, e.g., Buhler v. State, 247 So. 3d 1, 4 (Fla. 4th DCA 2018) (holding that, after the district court ruled on the State's certiorari petition seeking review of a discovery order, rule 3.191(m) applied to provide the trial court ninety days within which to bring the defendant to trial); Frazier v. State, 761 So. 2d 337 (Fla. 4th DCA 1999). See also Nelson v. State, 414 So. 2d

In concluding that Patino's trial was not delayed by the prohibition proceeding, we first note that the filing of a petition for writ of prohibition does **not** divest the trial court of jurisdiction and, absent a stay order or issuance of an order to show cause, the trial court may continue proceedings during the pendency of a prohibition proceeding. See Samuels v. Franz, 632 So. 2d 73, 74 n.3 (Fla. 2d DCA 1993);  Allen v. State, 579 So. 2d 200 (Fla. 2d DCA 1991); Fla. R. App. P. 9.100(h).  Absent the issuance of an order staying the proceedings below, the trial court could have proceeded to trial while the petition remained pending in this court. See Alonso v. State, 879 So. 2d 80 (Fla. 3d DCA 2004).

We further note that this court's order directing the state to file a response to Patino's petition for prohibition did not stay the proceedings in the trial court.  A stay would have been effectuated if this court had instead

---

505, 508 (Fla. 1982) (interpreting a different provision of rule 3.191 providing that a speedy trial period may be extended for exceptional circumstances, including "for appeals by the state," and construing that phrase to "include all appellate applications made by the state.")

In any event, we need not reach the question of whether a petition for writ of prohibition filed by a defendant constitutes an "appeal" for purposes of rule 3.191(m)'s 90-day speedy trial period, since, as explained, it is undisputed that Patino's trial was not delayed by the earlier prohibition proceeding in this court. We therefore leave this separate question for another day.

11

issued an order to show cause, as provided by Florida Rule of Appellate

Procedure 9.100(h):

> **Order to Show Cause.** If the petition demonstrates a preliminary basis for relief, a departure from the essential requirements of law that will cause material injury for which there is no adequate remedy by appeal, or that review of final administrative action would not provide an adequate remedy, the court may issue an order **either directing the respondent to show cause, within the time set by the court, why relief should not be granted or directing the respondent to otherwise file, within the time set by the court, a response to the petition. In prohibition proceedings, the issuance of an order directing the respondent to show cause will stay further proceedings in the lower tribunal.**

(Emphasis added).

The emphasized language above was added by the Florida Supreme Court in 2015 to formalize the practice of appellate courts choosing to direct the opposing party to file a response to the petition without imposing a stay of the proceedings in the lower court. See In re Amendments to Florida Rules of Appellate Procedure, 183 So. 3d 245 (Fla. 2014). The Court stated that, in order "to continue to allow courts the discretion to request a response to a petition for writ of prohibition without bringing the proceedings in the lower tribunal to a halt," the rule is amended so an appellate court may choose to "either issue an order to show cause and stay the proceedings

12

below (in prohibition cases) or request a response, which would not stay the proceedings." Id. at 247.

Because this court did not issue an order to show cause or otherwise impose a stay of the trial court proceedings during the pendency of the petition, and because the trial court retained jurisdiction to proceed, the petition for writ of prohibition did not delay Patino's trial and the speedy trial period continued to run during the pendency of the prohibition proceeding in this court.[5] Under these circumstances, the speedy trial period had expired by the time Patino filed her Notice of Expiration of Speedy Trial Time on August 4, 2023. This notice triggered commencement of the 30-day recapture period, during which the trial court was obligated to bring Patino to trial. Because Patino was not brought to trial within that recapture period (through no fault of Patino) her motion for final discharge was well-taken and the trial court should have granted the motion and entered an order of final discharge.

---

[5] The State could have requested that the trial court proceed to trial or, alternatively, could have sought an extension of the speedy trial period pursuant to rule 3.191(i) or (*l*). The State did neither, and the trial court did not abate, or otherwise delay, the proceedings during the pendency of the petition in 3D23-1017.

13

**CONCLUSION**

We therefore grant the petition, issue the writ of prohibition, and remand this cause to the trial court for entry of an order of final discharge of Patino from the misdemeanor traffic offenses.

Petition granted.